GEORGE F. OTT v. SPECHT & SPAHN.

*Fixtures—Conditional Sale—Replevin—Proof.*

In general, all articles of machinery taken into a factory and permanently attached to the foundations, walls, or any part of the structure, so as to constitute a permanent part of the building, are, in the absence of proof to the contrary, presumed in law to be fixtures, so long as they continue to be attached to the realty.

Parties, however, may provide by express contract that machinery, let ·by the owner thereof to the owner of a building and attached to such building for use therein, shall remain personal property and the property of the original owner thereof, until the owner of the building shall pay for such machinery.

Such agreement is in effect a contract of conditional sale, and is valid, and on breach of a condition therein entitling the owner of such machinery, under the terms of the contract, to reclaim the same from the conditional vendee, such owner can maintain replevin therefor, although attached to the building.

A plaintiff in replevin is not relieved from the onus of proving that he had a right to immediate possession at the commencement of suit, by the fact that in order to entitle the defendant to retain possession of the chattels under a return bond given by him in the suit, he may be compelled to prove a right to possession in himself.

By giving a return bond for chattels named in the writ, defendant in replevin is concluded from denying the identity of the chattels claimed and retained by him with the chattels named in the writ.

In an action of replevin damages cannot be recovered for articles not named in the writ, although, at the trial, proven to have been taken or detained.

*(New Castle, December 19, 1887.)*

ACTION OF REPLEVIN by George F. Ott against the firm of Specht & Spahn for conditional sale of machinery for a brewery. Verdict for plaintiff.

*Edward G. Bradford* and *Lewis C. Vandegrift,* for the plaintiff:

Property which would ordinarily be real estate, and hence not

the subject of replevin, can, by agreement between the parties, remain personal property, even though it be physically annexed to the realty.

Piper v. Martin, 8 Pa. St., 211.

Parties may, by agreement cause property to remain personalty, which, without such agreement would, when attached to the realty, become part thereof.

If the terms and conditions in the agreement entered into between the parties to this suit, were not carried out and performed by the defendants, then the title to the property mentioned in said agreement never passed to defendants, but remained in the plaintiff.

Goddard v. Gould, 14 Barb., 662; Hill v. Sewald, 53 Pa. St., 271; Smith v. Benson, 1 Hill 176, cited in 14 Barb., 666; Benner v. Puffer, 114 Mass., 376.

Property much more in the nature of realty, than the machinery in question in this suit, has remained personalty by reason of an agreement between the parties.

Harlan v. Harlan, 20 Pa. St., 306; Coleman v. Lewis, 27 Pa. St., 291; Mott v. Palmer, 1 Comst. (N. Y.,) 564.

Contracts such as the one put in evidence in this suit have been recognized in this State.

Watertown S. E. Co. v. Davis, 5 Houst.

Under the contract of February 13, 1885, Specht & Spahn acquired no property whatever in the machinery, but were mere depositaries or bailees for hire, with a right secured to them to acquire title to it when they should pay for it, in accordance with said contract.

Watertown S. E. Co. v. Davis, 5 Houst, 209.

The contract under seal, in evidence in this cause, gives the plaintiff the right to repossess himself of the property and remove it whenever the conditions were broken.

When a property bond has been given and the property retained it is unnecessary that the declaration should describe with particularity the property replevined.

*Rich v. Morris,* 28 Pa. St., 245; *Warner v. Aughenbaugh,* 15 S. & R., 9; *Wells on Replevin S.* 185; *Banks v. Angell,* 7 Ad & E., 840; 2 *Wheaton's Selwyn,* 1210.

Defendants cannot be heard to allege property in any third person in the face of the property bond in evidence in this case. This bond is under the hand and seal of the defendants, and it claims that they own the property.

Such a claim estops them from saying this property is in any one else.

*Pickard v. Sears,* 33 Eng. C. L., 115-117; *Wiles v. Woodward,* 5 Exch. 555, 561-2; *Cornish v. Abington,* 4 H. & N., 549-554; *Inskeep v. Shields,* 4 Harr., 345-347; *Short v. Prettyman,* 1 Houst. 334-339 and 344; *Potts v. Dowdall,* 3 Houst. 369-377.

Defendants cannot be heard to allege property in third person when it appears from the agreement under seal, which they are estopped to deny, that the plaintiff was their bailor.

*Simpson v. Wrenn,* 50 Ills., 224; *Brusley v. Hamilton,* 15 Pick., 40.

The testimony of Philemma Chandler, as to facts not connected with the erection of the building, is to receive no undue weight from the fact of his having been Building Inspector.

As this suit is between the original parties to the agreement of February 13, 1885, and as the defendants gave a property bond and retained the goods, the rights of no other person or persons are involved in this suit; and no other person except the parties hereto and their respective sureties, can be in any wise affected by the verdict.

Mortgagees certainly cannot be affected, not only for the reasons above stated, but also because they in no wise occupy the position of owners of the realty but the mortgage is simply a security for the debts of the mortgagors.

*Cooch v. Gerry,* 3 Harr.; 1 *Jones on Mortgages,* 699; 4 *Waits A. & D.,* 513.

POINTS IN REPLY TO ARGUMENTS OF COUNSEL FOR DE-
FENDANTS.

Counsel for defendants contends, that replevin will not lie, be-
cause as he says the Sheriff could not dismantle the freehold.

There are a number of seperate and distinct answers to this
position.

The pleas admit that the property in question was goods and
chattels.

The defendants in the property bond admit that it was goods
and chattels.   This binds them.

*Fahunstock v. Gilham*, 77 Ill., 637.

The omission to plead "non detinet" admits that the property
mentioned in the declaration as goods and chattels, is detained by
the defendants.

If the defendants desired to raise the question whether re-
plevin would lie for fixtures they should have pleaded, that the
goods and chattels had become annexed to and a part of the free-
hold.

Under the contract it was clearly the duty of the defendants
to deliver to the Sheriff, as the representative of the plaintiff the
property in question.

The authorities show that it does not follow that replevin may
not be sustained because the Sheriff may be unable to deliver the
property.

*Wells on Replevin*, 34, 261, 61, 76; *Bower v. Tallman*, 5
Watts & S., 556; *Brearly v. Coxs*, 24 N. J., Law, 287.

Many cases were cited on behalf of the defendants to the
effect that trover would not lie for the conversion of fixtures what-
ever might be the agreement of parties.   The contrary is the set-
tled law in this State under the ruling in.

*Watertown S. E. Co. v. Davis*, 5 Houst.

And trover and replevin are concurrent remedies.

*Roberts v. Dauphin*, D. B. Pa. St., 71, (the Bayard case)

merely recognizes that Sheriff in replevin cannot dismantle real estate, but is not in the least inconsistent with.

*Bower v. Tallman,* 5 Watts & S., 556.

*Benjamin Nields,* for defendants.

A writ of replevin is effectual for the delivery of personal property only, and that an officer has no authority under it to sever and deliver realty or any part thereof.

*Beacon's Abridgement Replevin A* ; *1st Tidd's Practice,* page 5 and note ; *Revised Code,* 648 and 649 ; *Bacon's Abridgement Replevin F ; Nebbit v. Smith,* 4th T. R., 504 ; *1st Chitty's Pleading,* 163-182 ; *Vausse v. Russell,* 2nd McCord, 196 ; *2nd Saunder's Pleading,* 760 ; *Well's on Replevin Sec.,* 62 ; *Dore v. Dudderan* 88th Ill., 107.

The covenant in said agreement by virtue of which the said plaintiff had the right to enter upon the premises where said machinery was kept and to re-enter into possession of said ·machinery and to take away, remove, re-possess and enjoy the same is not an agreement that the property mentioned in said contract should remain personal property, but is a covenant that the plaintiff might enter and sever said property from the freehold if default should be made by defendants in the payment of any of the instalments or payments as in said covenant provided.

*McIntosh v. Trotter,* 3 M. & W., 185 ; *Salter v. Sample,* 71st Ill., 430 ; *Roffey v. Henderson,* 17th A. & E., 573.

If the jury shall believe from the evidence in this cause that the goods and chattels mentioned in said writ of replevin were affixed to the freehold of said Karl Specht by the plaintiff or his agents, and that they remained so fixed until the time of the issuing of said writ of replevin, that said action of replevin will not lie notwithstanding the covenant on the part of said defendants that if default should be made in the payments of any of the said instalments or payments for the space of thirty days after such instalments or payment should have become due or payable, that it

should then be lawful for the said plaintiff or his authorized agent to enter upon the premises where said machinery should be kept and to re-enter into possession of said machinery and to take away, remove, re-possess and enjoy the same.

*Eddy v. Hall*, 5th Col., 576 ; *Bower v. Wallis*, 115th Mass., 156.

If it was the intention of the said defendant to annex the property mentioned in said agreement permanently to said freehold it thereby became a part of the realty and cannot be treated as personalty.

*Hinkley &c. Co. v. Black*, 70th Me., 473, (S. C. 35th Amr. Rep., 346) ; *McRea v. Bank*, 66th N. Y., 490 ; *Harmony Asso. v. Berger*, 99th Penna., 324 ; *Pierce v. George*, 108 Mass., 78 S. C. 11 Amr. Rep., 310.

Property such as is mentioned in said agreement placed on the premises by the owner attached as a fixed establishment is a part of the freehold and subject to real estate liens and not liable to be seized as chattels.

*Rice v. Adams*, 4th Har., 332.

If the jury shall believe from the evidence in this cause that the property mentioned in said writ of replevin was affixed to said freehold at the time of the execution and delivery by said Karl Specht and wife, of the mortgage conditioned for the payment of twelve thousand dollars ($12,000) to The Perpetual Savings and Loan Association that the said Association thereby acquired a right to said property under and by virtue of said mortgage which right was paramount to the right of said plaintiff therein at the time of the issuing of said writ, and that said plaintiff had no right as against said mortgagee to treat said property as personal property or cause the same to be severed from said mortgaged premises under said writ of replevin.

*Roberts v. The Dauphin Bank*, 19th Penna. St., 71 ; *Brenan v. Whittaker, et. al.*, 15th Ohio St., 446 ; *Voorhees v. McGinnis*, 48th N. Y., 278 ; *Pierce v. George*, 108 Mass., 78 S. C. 11th Amr. Rep.,

310 ; *Fryatt et. al. v. Sullivan Co.*, 5th Hill., 116 ; *Shmitz v. Scheifele*, 1st Atlan. Rep., 698.

If the jury shall believe from the evidence in this cause that the property mentioned in said writ of replevin was affixed to said freehold at the time of the execution and delivery by said Karl Specht and wife of the mortgage conditioned for the payment of four thousand dollars ($4,000) to Gustavus Schaeffer and Henry L. Schaeffer that the said mortgagees thereby acquired a right to said property under and by virtue of said mortgage which right was paramount to the right of said plaintiff therein at the time of the issuing of said writ and that said plaintiff had no right as against said mortgagee to treat said property as personal property or cause the same to be severed from said mortgaged premises under said writ of replevin.

The plaintiff must have the right to the immediate and exclusive possession of the property at the time the suit is begun.

*Wells on Replevin Secs.*, 32, 94, 102 and cases cited.

And that the onus is upon the plaintiff to prove both the right of property and right of possession.

*2nd Greenleaf Evidence*, 553 ; *Pennington v. Chandler*, 5th Harrington, 394 ; *Reynolds v. McCormick*, 62nd Ill., 412 ; *Abbott's Trial Ev.*

If said plaintiff allowed the property mentioned in said writ to be affixed to said freehold and remain so affixed from the 28th day of August, A. D. 1885, to the 20th day of September, A. D. 1886, a period of about thirteen months without taking any action during that time to sever said goods from the freehold or remove the same that he is guilty of laches as to the mortgagees named in said mortgages and is therfore not entitled to recover.

*Comegys C. J., in Mathews v. Smith*, page 22, current volume.

The plaintiff can only recover for the articles specifically mentioned and set forth in the writ of replevin.

*1st Tidd's Practice*, 444 ; *1st Chitty*, 185.

HOUSTON, J., charging the jury :

This, gentlemen of the jury, is an action of replevin by Geo. F. Ott, the plaintiff, against the firm of Specht & Spahn, the defendants, to recover the possession of certain copper, brass, and iron machinery, to wit, a copper kettle, a pump, a flat cooler, a mash-machine, a false bottom in mash-tub, shaftings, drain-pipes, connections, spigots, and all the pipes and fixtures necessarry for the brewery of the said defendants, located at Fifth and DuPont streets in this city, let and hired by him to them by a written contract under the seals of the parties, respectively, in the following words: " To be used by the said defendants in their said brewery for the term commencing with the date of the sealing and delivery of it, the 13th day of February, 1885, and ending on the 28th day of August, 1885 ; reserving for the hire and use thereof, for the said term, the sum of four hundred dollars, to be paid on the 28th day of February, 1885; the further sum of four hundred dollars to be paid on the 28th day of May in said year ; the further sum of four hundred dollars to be paid on the 28th day of June in said year; the further sum of four hundred dollars to be paid on the 28th day of July in said year ; and the further sum of three hundred dollars to be paid on the day of the expiration of the term above specified. And it is further agreed by and between the parties to these presents that if default shall be made in the payment of any of the above-mentioned installments or payments for the space of thirty days after such installment or payment shall have become due and payable, then it shall be lawful for the said party of the first part, the said George F. Ott, the plaintiff, or his authorized agent, to enter upon the premises where the said machinery shall be kept, and to re-enter into possession of said machinery, and to take away, remove, repossess, and enjoy the same as though these presents were not made. And the said parties of the second part, the said Specht and Spahn, the defendants, do hereby covenant and agree with the said party of the first part that said machinery shall be held and kept at the brewery aforesaid, and not removed there-

from without the written consent of the party of the first part thereto first had and obtained; and at the expiration, or sooner determining, of the said term, they will give up and surrender said machinery to the said party of the first part in as good condition as reasonable wear and use will permit. And the said party of the first part doth hereby covenant and agree with the said parties of the second part, that the said parties of the second part on paying the above-named installments in the manner above agreed upon, and performing the covenants aforesaid, shall and may peacefully and quietly have, hold, and enjoy the said machinery for the said term. And the said party of the first part doth hereby covenant and agree with the said parties of the second part that if the said parties of the second part shall well and truly keep the covenants herein made, and shall make no default in the payment of the aforesaid installments as the same shall become due and payable, and this letting or hiring shall not sooner be determined by mutual consent or otherwise, that he, (the said party of the first part,) upon the payment to him by the said parties of the second part of such additional sum of money as shall be the excess of the price or value of said machinery, when delivered, over and above the amount of the aforesaid installments, will make, execute, and deliver to the said parties of the second part a good and sufficient bill of sale of said machinery, the consideration whereof shall be the above-named payments received for the said term, and the additional sum of money above named."

Such are the words of the contract, the formal execution of which, under the hands and seals of the parties, respectively, to it, —the plaintiff and the defendants in this case,—has been admitted by the counsel for the defendants, and is now in evidence before the jury, and is indirectly and substantially the foundation of the action on which the plaintiff bases his right in law to recover the damages he now demands at your hands by reason of the alleged breach of it by the defendants. And we will here say to you that as the contract is not only express and in writing, but under seal,

and in the most obligatory form known to the law, if it is valid in law, and binding on the parties in this case, the defendants are estopped from denying the import and meaning of its terms, which in the opinion of the court are so plain as to admit of no question or doubt whatever; but, even if there could be any doubt as to the meaning of the terms of the contract, it would still be the province and duty of the court to interpret and determine the meaning of them to the jury, and the jury would be bound by it.

But the main question on which this case depends before you is whether the machinery embraced in the contract, which were originally and in the beginning goods and chattels or personal property belonging to, and in the actual possession of, the plaintiff in the action, afterwards became real property, and part and parcel of real estate of the defendants, by being placed in and connected with their building and premises, which constituted their brewery in this city, in the manner stated in the testimony of the witnesses, under the contract between the parties to the suit, and all the evidence, which you have before you in regard to the matter. And this constitutes what is termed a "mixed question of law and fact;" for it is contended by the counsel for the defendants that the machinery thereby became, in law, fixtures to the real estate, and thereby became real estate, and could not be replevied or detached from the real property by the sheriff on a writ of replevin. And we say to you that if it did thereby become attached to the brewery so as to constitute what is termed and contemplated in law a "fixture to real property," under the facts and circumstances proved in this case, and the true meaning and intention of the contest, then the contention of the learned counsel is correct, and an action of replevin cannot be maintained for it, because an action of replevin will not lie for real property. In general, all articles of machinery taken into such buildings, and permanently attached to the foundations, walls, or any part of the structure, so as to constitute a permanent part of the mill or other building designed for business purposes, in the absence of any proof to the contrary, is presumed

in law to be a fixture of it, and is considered to be such so long as it continues to be so attached to the real property; and this is be- ·cause, in such cases, it is presumed that such was the intention of the owner of it when he so put it into the building. But as legal and inflexible as the rule of law in regard to such fixtures, in such cases, may be, it does not prohibit or prevent parties, by express contract and intention on their part, from providing that such ma- chiney shall continue personal property for a limited time, at least, which without such agreement and intention on their part would, when attached to real estate become part of it, and would otherwise become, in law, real instead of personal property, or prevent a maker of such machinery from contracting with the owner of such brewery to let or hire to them for such a time as they may agree upon, and to set it up in their brewery, with all the attachments to the building required to put it in operation; and that his owner- ship of it as personal property should continue until they should, at the expiration of that time, become the purchaser of and pay him for it, without making it, by operation of law, a fixture, and part of the real estate, contrary to the intention of both of the par- ties to the contract.

It is manifest, from the terms of this contract, that it was in the meaning and mutual understanding of the parties to it, what is now generally termed a " conditional sale " of the goods and chat- tels or machinery in question by the plaintiff and the defendants, ·on the terms and conditions expressed in it; and such a contract has been ruled to be valid in this State, in the case of *Engine Co. v. Davis*, 5 Houst. 192, and, if so, then it was binding on the par- ties to it, and must be enforced in a court of law according to the true meaning and intention of the parties, as expressed in terms and stipulations contained in it. And in all valid contracts the law requires that they shall be performed in good faith by the parties to them, according to the obvious meaning and intention of the terms employed in them; and, on the face of this contract, we think noth- ing is clearer, from the terms and mutual covenants contained in it,·

than that it was the intention and understanding of both of the parties to it that the plaintiff, after putting the machinery in the brewery, and in the possession of the defendants, as the bailees of it, under the contract, was to continue to be the absolute owner or bailor of it during the term or time expressed in it, or at least until the defendants have fully paid for it, and performed the stipulations of the contract on their part, and for which a term of not less than about seven months was limited after the date of the contract, unless sooner determined, by the mutual consent of the parties or otherwise. And that such was the understanding and intent of both of the parties to that effect is only strengthened and confirmed by the further stipulation contained in the contract that, if default should be made in the payment of any installment named for the space of 30 days after it should become due, it should be lawful for the said party of the first part, or his authorized agent, to enter upon the premises where said machinery might be kept, and to enter into possession of said machinery, and to take away, remove, repossess, and enjoy the same as though these presents were not made ; and also by the further stipulation in it that, at the expiration or sooner determining of the said term, they (the said parties of the second part) will give up and surrender said machinery to the said party of the first part in as good condition as reasonable wear and use will permit; and also the further stipulation in it, on the part of the party of the first part, that the said parties of the second part, on paying the above-named installments in the manner above agreed upon, and performing the covenants aforesaid, shall and may peaceably and quietly have, hold, and enjoy the said machinery for the said term. For a direct recognition, or an express admission in terms, that the plaintiff was to retain absolute ownership of the machinery in question, could not more clearly indicate the understanding and intention of the defendants to recognize and admit that he was the bailor, and that they were but bailees, of the machinery in question during the whole of that term. And as such was clearly the import of the terms and stipulations of the contract

on that point, and that defendants made final default in paying the installments, they could not before that claim to hold the machinery as fixtures of their freehold by mere operation of law, contrary to their contract and covenants, with the plaintiff, so that by the terms of them he retained such a recognized right of property in the machinery as goods and chattels, with the right, under their contract and covenants, to reclaim and retake the possession of them on the occurrence of the condition prescribed in the contract; and much less could they claim, after condition broken, an indefeasible title to them as real property attached to their brewery, by reason of a breach of the condition of the contract on their part.

As therefore, under the facts and circumstances proved in this case, the various articles of machinery in question could not have become fixtures or a part of the realty of the defendants to which they were attached, they continued, by virtue of the contract between the parties to this action, the goods and chattels or personal property of the plaintiff, let or hire to the defendants for a term of uncertain duration, but to be absolutely determined at his will and pleasure on one condition, namely, the default of the defendants to pay any installment contracted for when due, and which occurred within the times limited for the payments of them,—but two of them, amounting to $400 each, being paid out of five in all of them, amounting in the aggregate to $1,900,—and thereby defaulted the subsequent sale of the articles to the defendants, as contemplated and contracted for in the agreement. And, upon that default on the part of the defendants, plaintiff made demand for the possession of them, through an agent of his, appointed for the purpose, who was peremptorily refused by the defendants to be allowed to take them from their premises. And upon that demand and refusal, which has been proved, and is not denied, this action of replevin was instituted by the plaintiff against them; and we think it will properly lie in their case, as it is an action of replevin for goods and chattels in the possession of the defendants, and unlawfully detained, as it is alleged, from the possession of the plain-

tiff by the defendants, and is not, under the proof in this case, an action of replevin for the possession of real property.

It is further in evidence before you that, when the writ of replevin in this action was served by the sheriff upon the defendants, they denied the right of the plaintiff to the goods and chattels mentioned in the writ, and claimed that they were their goods and chattels; whereupon the sheriff, as it was his duty to do in such a case, allowed the defendants to retain the possession of them on their entering into bond in a sufficient penal sum, and with sufficient security, in his opinion, to him as sheriff, for the forthcoming and return of the said goods and chattels by them, in case the question of the right of property in them should be decided against them in the trial of this action. And upon these facts we have been asked by the counsel for the defendants to charge the jury that as an action of replevin primarily lies to recover the possession of the goods and chattels claimed by the plaintiff in it, and wrongfully taken or unlawfully detained from him by the defendant, it is incumbent on the plaintiff, in the trial of the action, to prove to the satisfaction of the jury that he had an immediate and exclusive right to the possession of the goods and chattels in question at the time when the action was commenced, and, if he fails to do that, he is not entitled to recover in the action, and the verdict of the jury should be against him, because he must recover on the strength of his own right and title to the immediate possession of the goods sued for, and not on any weakness or imperfections in the claim or right of the defendant ; while, on the other hand, we have been asked by the counsel for the plaintiff to charge you that, as the defendants, on the service of the writ of replevin in this case by the sheriff upon them, claimed to have a right to the possession of the goods and chattels mentioned in it, as I have before stated, and to hold them in their possession, and the sheriff left the same in their possession on taking their bond with security, as he was bound to do in such case, for the return of the goods in case the decision should be against them in the trial of this action, and which bond

of the defendants, so given, the counsel for the plaintiff have pro-duced in evidence before you, it is incumbent upon the defendants to prove to the satisfaction of the jury that they are entitled to the possession of them, or no verdict can be rendered in their favor. But the defendants have specially pleaded, in defense of the action, that the property in the goods is in themselves, and have likewise pleaded that the property in them is in several other persons sever-ally named in such respective pleas ; and while, in an action of re-plevin, each of the parties, in certain respects and shifting relations of it, may practically become a plaintiff in it, we must say to you that, although the defendants in this case may be bound, for the reasons last assigned, to prove their legal right to the possession of the goods to the satisfaction of the jury, to entitle them to your verdict, it cannot relieve the plaintiff of the *onus* of proving to your satisfaction that he had a right to the immediate possession of them when he commenced the action ; and although an hypothetical case of replevin might arise, in which neither the plaintiff nor the defendant could do that, we do not apprehend that either in this case, or in any other that may occur, there is much danger that a jury will be satisfied from the evidence that the right to the im-mediate possession of the same goods was, when the action was be-gun, both in the plaintiff and in the defendant in it.

We will, however, say to you, in regard to the claim of right by the defendants to the said goods and chattels in the said writ of replevin mentioned, made to the sheriff, when he served it upon them, and the bond which they thereupon gave to him for the re-turn of the same, as we have before stated, it concludes and pre-vents the defendants from denying the identity of the goods and chattels so claimed and retained by them with the goods and chat-tels mentioned in the writ, and the possession of which was therein claimed by the plaintiff. But if you are satisfied, from the evi-dence, that the beer-cooler, or any other article or part of the ma-chinery in question which has been presented and included in the claim of the plaintiff before you, in the progress of the trial, was

not mentioned or included in the writ of replevin and the declaration filed in the action, we instruct you that the plaintiff cannot recover any damages for the value of that, or of any other part of the machinery not mentioned in the writ and declaration ; but for the value of all mentioned and included in the writ and declaration he is entitled to recover damages, according to all the evidence before you as to such value, as you are the judges of the weight and credit of all the evidence on that point in the case. As the court, however, are the judges to decide the question whether the machinery remained the goods and chattels of the plaintiff, as the bailor, in the possession of the defendants, as the bailees of it, for the time being, and for a limited term of comparatively brief duration, so long as they should continue to hold that relation to each other in respect to it, or became, after it was placed and set up in the brewery of the defendants for operation, and attached to it, in the manner described by the witnesses called before you for that purpose, in contemplation of law, fixtures, in its technical sense and meaning, and real property, as a part of the building and premises of the defendants, we are bound to say to you, as this depends for its solution on the terms of the written contract, and the meaning and intention of the parties to it, apparent from the covenants contained in it, that we are clearly of the opinion that the said machinery did not become fixtures in law, but remained and continued goods and chattles or personal property, to the immediate and exclusive possession of which the plaintiff, as the sole and actual owner of them had a legal right, when the action of replevin was commenced for the recovery of the goods themselves ; but as the defendants, on the service of the writ upon them, asserted their claim to the absolute ownership of them as fixtures, and a part of their real estate, and gave bond, and retained them in their possession, the action has now become, in conformity with long-established and uniform practice in this State, an action for damages to the value of the said goods and chattels thus detained and withheld by them from the plaintiff. And this decision of the Court, made after mature con-

sideration of the main, if not the sole, material question of law or fact involved in the case, disposes of all questions of mortgages and mortgage liens on the premises of the defendants, which could not in any court have been affected or impaired in value by any judgment recovered in this action as it now stands, and has stood ever since the defendants gave bond and security to the sheriff, and retained the said goods and chattles, and thereby practically converted their action from that time from an action for the recovery of them in specie to an action for the recovery of damages to the value of them in money, with interest thereon, subject to such credits as the counsel for the plaintiff has admitted should be allowed the defendants in the statement of the account which he submitted before you at the close of his argument.

We will merely say, in the last place, that we consider the ruling at the present term of this court in the case of *Smith v. Horn*\* as not at all applicable to this case, because the action in this case is between the original parties to the contract for the conditional sale of goods and chattels, while in that case the action was on the conditional sale by the vendor of them; not against the original purchaser of the goods, but against a subsequent *bona fide* purchaser of them from him, without any knowledge or notice of the conditional sale of the goods to his immediate vendor, and who he supposed at the time had a perfect and unincumbered right to them, but who, to his surprise, had the goods taken from his possession on a writ of replevin two years afterwards, at the suit of the original vendor, for a balance to him for them from the first purchaser; and the consideration of the fact that the defendant was a subsequent *bona fide* purchaser, without any knowledge that his vendor held the goods under a conditional sale from the original vendor, and the time that had elapsed before he brought his suit against the defendants, and other indications in evidence of unreasonable laches and delay on his part in bringing the suit, under the circumstances shown, induced the court to hold, in that case, that it "had not been commenced in a seasonable time."

---

\*The case of Mathews v. Smith, page 22 current volume, must be intended.