MARTHA A. REED *vs.* FRANK C. WILTBANK, Administrator of
WILLIAM D. REED, deceased.

*Replevin—Personal Property—Possession of—Nonsuit.*

1.   There must be a wrongful taking or detention of the property to enable the
plaintiff to maintain an action of replevin therefor.

2.   Where the plaintiff at the time the writ of replevin issued was in possession
of the property, and nothing had been done by the defendant in respect thereto, except
to have it appraised and advertised as the property of the deceased; *held* that such acts
of the defendant did not constitute either an unlawful taking or detention, and a nonsuit should be granted.

(*October 6, 1899.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*John M. Richardson* for plaintiff.

*Charles W. Whiley* for defendant.

Superior Court, Sussex County, October Term, 1899.

ACTION OF REPLEVIN (Number 68, April Term, 1899) by
Martha A. Reed, the widow of the decedent, to recover the value
of a certain dwelling house resting on blocks, being situated in or
near the town of Lewes.   The grant of letters of administration
to the defendant was admitted.   It was also admitted by the defendant that the house was personal property and subject to be replevied.   At the trial the plaintiff proved, among other things, that
she bought and paid for the lumber entering into the construction
of the house and that the back building of the same was her own
property, it having been moved from another lot to the lot where
it was then located; also that a horse and a cow were paid for by
herself.   It was further proved that the house in question was appraised by appraisers at the instance of the administrator and that
the property was under the control of the administrator, but that

all the said property remained in plaintiff's possession, and was in her possession at the time the writ of replevin was issued.

The plaintiff rested and *Mr. Whiley*, for the defendant, moved for a nonsuit on the ground that no proof had been offered that the property was taken possession of by the administrator, or that the plaintiff was put out of the possession of the same at the time the replevin suit was brought, but that the proof plainly showed that the plaintiff had always retained possession of the property, and it was absolutely necessary in a replevin suit to show an unlawful taking or an unlawful detention. That the plaintiff should have waited until the administrator had taken possession of the goods, before bringing her action of replevin, and having brought her action too soon she could not maintain the same.

*Cobbey on Replevin, Sec. 61; Creswell on Executors and Administrators, 201.*

*Mr. Richardson*, for defendant, contended that the goods were constructively in the possession of the administrator. That they were *in custodia legis* and therefore replevin would lie.—*Revised Code, 793, Sec. 20.*

And that even in the absence of the above statute, replevin would lie.—*Cobbey on Replevin 585, Sec. 1037.* Mr. Richardson also cited, as bearing upon the question of the right of the plaintiff under the circumstances to her action of replevin against the administrator, *Revised Code, 869, Sec. 26; Ibid, 870, Sec. 28.*

PENNEWILL, J. :—We have given this motion for nonsuit as careful and full consideration as was possible in the limited time we have had, and have reached the conclusion that, admitting to be true all the testimony so far adduced, it does not appear that there was any such wrongful taking or detention of the property in question as would enable the plaintiff, at the time of the bringing of this suit, to maintain an action of replevin therefor. On the contrary it has been shown by the plaintiff, that at the time the writ was issued, the property was in her possession, and that there had been nothing done by the defendant in respect thereto

except to have the same appraised and advertised as the property of the deceased. Although the question raised by the motion is a new one in this State, so far as the reported cases show, yet we are clear that such acts did not constitute either an unlawful taking or detention. We are therefore constrained to grant the application for a nonsuit in this case.