## ADA A. BROCK vs. MARY E. ROGERS.

Suffolk.   November 17, 1903. — January 6, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Deceit.   Guardian.   Estoppel.*

A guardian cannot maintain in his own name an action of tort for false represen-
tations whereby his ward suffered damage.   The fact that since the bringing
of the action the ward has died and the plaintiff has inherited his property is
immaterial.

One, who by leave of court sells and conveys as guardian land standing in the
name of his ward is estopped to set up an adverse title to the land in himself.

TORT for alleged false and fraudulent representations, whereby
the plaintiff was induced to exchange an equity of redemption
of certain real estate numbered 19 on Camden Street in Boston
for a mortgage for $2,500 on certain land in Newton.   Writ
dated September 20, 1898.

At the opening of the trial in the Superior Court before *Gas-
kill*, J., before any evidence was introduced, it was stated by
counsel and admitted for the purposes of this action to be true,
that the equity of the property on Camden Street had stood in
the name of Roy E. Brock, a minor son of the plaintiff for whom
she was guardian, and that induced by the representations of the
defendant, alleged to be false, the plaintiff obtained leave from
the Probate Court to sell the property as guardian for $2,500,
and thereafter conveyed it to the defendant's nominee by a
guardian's deed in the usual form.   The plaintiff contended that,
although the legal title to the property stood in the name of Roy
E. Brock, the property was her own and she simply had placed
it in the name of her son.   She also offered to prove that since
the bringing of this action Roy E. Brock had died and that the
plaintiff was his sole heir at law, she being a widow and he her
only child, and that there were no creditors.

The judge ruled that the present action could not be main-
tained by the plaintiff in her own name, and ordered a verdict
for the defendant.   The plaintiff alleged exceptions.

*C. F. Eldredge*, for the plaintiff.

*F. Rogers & C. C. Long*, for the defendant.

BRALEY, J.   At the time when the alleged false representations were made by the defendant the title to the property was in Roy E. Brock, a minor son of the plaintiff and of whose person and estate she was 'the duly appointed guardian; and all the proceedings in conducting and making the sale, and conveying the land to the defendant, were undertaken and completed by her as such guardian under a license from the Probate Court authorizing the sale of the ward's estate; and in which she had no legal interest.   *Chapin* v. *Livermore*, 13 Gray, 561, 562. *Rollins* v. *Marsh*, 128 Mass. 116, 118.   *McKim* v. *Mann*, 141 Mass. 507, 508.   *Lombard* v. *Morse*, 155 Mass. 136, 137.

In order to maintain an action for deceit the plaintiff must not only allege and prove the falsehood and fraud, but also that thereby she has suffered damage.   *Tryon* v. *Whitmarsh*, 1 Met. 1, 6.

If the defendant made the representations as alleged in the declaration, in which the case is put on the sole ground that it was the plaintiff's property which was obtained by the fraud of the defendant, the plaintiff wholly fails to prove that by reason of the representations, she had been induced to part with any property belonging to her, and she has no cause of action.

It appears that since this action was brought her son has died, and that she is his only heir at law.   But this event cannot operate retroactively to vest her with a title to the real estate as of the date of sale.   She takes as his heir at law, and becomes such only on his death.

Upon the death of the ward the authority of the guardian ceases and the only duty that remains is to settle his accounts and turn over any property in his possession to the rightful heir. *Richmond* v. *Adams National Bank*, 152 Mass. 359, 364.   Besides the defendant bought from the plaintiff as guardian and the grantee in the deed took the title of her ward to the land, and she is now estopped to set up in her own right in this action an adverse claim of title in herself, for the purpose of laying a foundation upon which to rest an action of tort for the defendant's alleged deceit at the sale.   *Heard* v. *Hall*, 16 Pick. 457, 461.

The ruling at the trial that the present action could not be maintained by this plaintiff in her own name was right.

*Exceptions overruled.*