## Schwab v. Edge, Appellant (No. 1).

*Estoppel—Injury—Evidence.*

In order to create an estoppel in pais the party pleading it must not only have been misled, but he must also have suffered a loss of a substantial character, or have been induced to alter his position for the worse in some material respect.

Where a purchaser of real estate at a sheriff's sale avers that he was induced to buy the property by a statement made to him by a mortgagee of the property that the lien of the mortgage had been released, he cannot establish an estoppel against the mortgagee unless he shows by evidence of a clear and convincing character not only that the statement averred was made to him, but also that he sustained a loss by relying upon it.

Argued Jan. 19, 1906.    Appeal, No. 311, Jan. T., 1905, by John J. McDevitt, Jr., from order of C. P. No. 3, Phila. Co., March T., 1903, No. 3,970, discharging rule to set aside execution in case of Gustav A. Schwab v. J. Bachelor Edge and Ida Mae Edge, his wife, and John J. McDevitt, Jr. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Rule to set aside execution. Before VON MOSCHIZISKER, J. The facts are stated in the opinion of the Supreme Court.

*Error assigned* was order discharging rule to set aside execution.

*Chester N. Farr*, for appellant.—Where the declarations of a party have encouraged expenditures in a third person, the party making these declarations is estopped from making a claim against the the third person at variance with such declarations, even though they were made innocently and in good faith: Logan v. Gardner, 136 Pa. 588; Hill v. Epley, 31 Pa. 331; Gray's App., 10 W. N. C. 458; Miller's App., 84 Pa. 391.

*M. Hampton Todd*, for appellee, cited: Woods v. Wilson, 37 Pa. 379: Bright v. Allan, 203 Pa. 394.

OPINION BY MR. JUSTICE POTTER, April 9, 1906:

In this case two appeals which raise the same question, one from the court of common pleas No. 1, and the other from the court of common pleas No. 3 of Philadelphia county, were argued together. The first appeal is from an order made in an action of scire facias sur mortgage, discharging a rule to show cause why the judgment should not be satisfied as to certain properties, and the execution issued thereon set aside; and the second is from a similar order, as to an execution issued upon a judgment, entered upon the bond accompanying the mortgage on which the first suit was brought.

The bond and mortgage were given by Edge and his wife, to Gustav A. Schwab, to secure the sum of $4,000. Judgment was entered on the bond, damages assessed and execution issued. On the same day a sci. fa. was issued on the mortgage, and duly served on the mortgagors, and upon Ida Mae Edge as the registered and real owner of the mortgaged premises. Mrs. Edge filed two affidavits of defense, neither of which was sufficient to prevent judgment from being entered against her for want of a sufficient affidavit of defense; judgment having been already taken against her husband, for want of an affidavit of defense. A writ of levari facias, and an alias were issued on the judgment, but both were stayed. A rule to open the judgment on the mortgage was afterwards allowed on petition of Ida Mae Edge, but was subsequently withdrawn. On the same date a rule to open the judgment on the bond was also allowed on petition of the same defendant, and this rule was discharged after hearing on depositions. A petition which recited the sale and other proceedings, was filed on August 3,

1905, by John J. McDevitt, Jr., in the court of common pleas No. 3, under the number and term of the judgment on the bond. In this petition he averred that at a sheriff's sale in September, 1904, he had purchased certain properties sold as the properties of the defendants in said judgment; that at that time and at various times subsequent thereto the plaintiff had represented to him that the remaining properties, then belonging to the defendants, and including the properties now alleged to belong to the petitioner, had been released from the lien of plaintiff's judgment, and that assuming and believing said representations to be true, the petitioner had acquired title to said properties; but that notwithstanding the representations made by the plaintiff, he had caused execution to be issued against the said properties without notice to the petitioner. On the presentation of the petition, the court below granted a rule to show cause why the executions should not be set aside and stayed, as to the properties in question. Plaintiff filed an answer to the rule, denying that he had made the representations alleged by the petitioner, and averring that he had given notice of his intention to issue execution three months before the writ went out. Depositions were taken on behalf of the petitioner, and after hearing, the court, on October 25, 1905, discharged his rule. From this order the present appeal was taken by the petitioner. On October 16, 1905, a similar rule was granted by court of common pleas No. 1, upon application of the same petitioner, in the suit upon the mortgage, and on October 25, that rule was discharged, and the petitioner has appealed from that order, also.

The assignments of error allege that the court below erred in discharging the rules to set aside the executions and satisfy the judgments as to the properties purchased by appellant. It appears from the evidence offered upon the part of the appellant in support of his petition, that the representation made to him by appellee was that the latter's mortgage " was wiped out by the sale," and that the $4,000 claim which he held, " both as to the bond and mortgage, had been satisfied by the sale." That appellee also said to him that he (appellant) wanted (ought) to get hold of the adjoining properties, and appellant replied that he probably would. He afterwards took title to these properties under the belief, as he said, that ap-

pellee's statement that the mortgage had been satisfied by the sale was true.   There was also evidence that appellee said to Mr. Edge that he had taken out searches, and his judgment was satisfied, and if appellant made settlement for the properties purchased at sheriff's sale, if the amount should run short, appellee would see that the claim was satisfied.   These statements were alleged to have been communicated to appellant by Mr. Edge at the express request of the appellee.   The appellant did negotiate with Mr. Edge for the other properties and took title to them.   It does appear, however, from the testimony that Mrs. Edge still claims an interest in the properties.

Under the well established principles which govern the doctrine of equitable estoppel, it would seem that the representations made by the appellee were sufficient to estop him from asserting his right to collect the balance of his claim against the property in question, if appellant has shown that he was misled by such representations to his serious loss and injury. To establish his right to the relief prayed for, it was necessary for appellant to satisfy the court, not only that he had relied on appellee's statements, but that he had been substantially injured by so doing.   " It is not enough that the representation has been barely acted upon ; if still no substantial prejudice would result by admitting the party who made it to contradict it, he will not be estopped : "  Bigelow on Estoppel, 644.   " In order to create an estoppel in pais the party pleading it must have been misled to his injury ; that is, he must have suffered a loss of a substantial character or have been induced to alter his position for the worse in some material respect : "  16 Cyc. of Law and Procedure, 744.   As Justice LEWIS said, in Bitting's App., 17 Pa. 211 (216) :  " Estoppels in pais are ' founded in law, honor and conscience,' when confined to their legitimate purposes of preventing one man from being injured by the wrongful act or misrepresentation of another.   But where no injury results from a misrepresentation, its discussion belongs to the forum of morals and not to the judicial tribunals." .

It does not appear from the evidence what consideration was given by appellant for the conveyance of the property from Edge.   He testified that the consideration was a nominal one, and that certain advances or loans which he had previously

made to Edge were taken into consideration, and that the properties were encumbered pretty well up to their value. It is true that accepting title to the property, in payment of prior loans, might constitute sufficient consideration to entitle appellant to protection by way of estoppel, against the appellee, but the evidence of appellant is very vague and indefinite, as to the amounts of the loans, and as to the times when they were made. He said that he could not tell the exact amount of money which he had paid, and when asked to furnish a statement he failed to do so. After the testimony was closed appellant returned to the stand, and stated in a general way that he had expended several thousand dollars on the properties conveyed to him by the Edges, since he had purchased them. But even as to this, he was unable to give any details, and did not state when or how the money had been laid out. The conveyance to him was made in December, the settlement with the sheriff was in February, and on March 6, appellee gave him notice that he claimed the balance due on his mortgage. Any expenditure made after this date, could not of course have been upon the faith of the representations made by appellee. We do not feel that the evidence offered in support of the petition, is of that clear and convincing character, which should be adduced in order to move the conscience of a chancellor.

Nor does the case for appellant appear in any stronger light, when the question of good faith is considered. Appellee gave notice by his letter of March 6, that he claimed a balance due on the mortgage. But instead of setting up at once his claim to an estoppel, and relying upon it, appellant delayed until a rule to open the judgment had been tried and failed. Then after execution issued this rule was taken. Considered as a whole, the evidence offered by appellant in support of the rule was so vague and indefinite that it hardly called for answer by the appellee. Specific amounts, dates and names were lacking, and no circumstances were given which would reasonably permit of investigation. Under such evidence as this, it would hardly be expected that a chancellor should feel moved to grant relief. The averments in the petition of appellant were, perhaps, sufficient to authorize the application of the doctrine of estoppel in pais, but the evidence did not sufficiently support the allegations. " Before estoppel can be raised there must be

certainty to every intent and the facts alleged to constitute it
are not to be taken by argument or inference : " 16 Cyc. of
Law and Procedure, 748.  In Com. v. Moltz, 10 Pa. 527, Jus-
tice BELL said (p. 532) : " He who avers an estoppel, either
by pleading or evidence, must establish by proofs, positive or
circumstantial, every fact that essentially enters into the char-
acter of such a reply to the plaintiff's suit."   And again, in
Cambria Iron Co. v. Tomb, 48 Pa. 387, this court, speaking by
Justice AGNEW, said (p. 393) : " Estoppel shuts the mouth
and prevents it from asserting the truth, but from the nature
of this legal effect, and the principles upon which equity acts,
the proof of the fact which has this legal operation must be full
and convincing."   And in 2 Herman on Estoppel, sec. 742, we
find this clear statement of the rule : " The facts upon which
equitable estoppels depend, as a general rule, are proved by oral
evidence ; and this evidence should be precise, clear and un-
equivocal, before it should be admitted to estop the party from
showing the proof, especially affecting the title to land."

The assignments of error are overruled, and the judgment
is affirmed.