BENJAMIN L. RUDNICK, defendant below, plaintiff in error, *vs.* FANNIE SHOENBERG, plaintiff below, defendant in error.

1. REPLEVIN—PLAINTIFF MUST SHOW PROPERTY AND RIGHT TO POSSESSION.

   In an action of replevin, plaintiff must show a general or specific property in the goods replevied with the right to immediate and exclusive possession.

2. ESTOPPEL—NO ESTOPPEL BECAUSE INCONSISTENT CLAIMS ASSERTED IN DIFFERENT SUITS WHERE MEANING AND INTENTION NOT CLEARLY EXPRESSED.

   In a replevin suit brought by a wife, an answer filed in another suit from which it might be inferred that plaintiff and her husband owned the property would not raise estoppel in the replevin suit, since the intentions of the parties must be expressed with certainty, and the facts alleged to constitute estoppel must clearly express the meaning contended for, leaving nothing to be explained by argument or inference.

3.  ESTOPPEL—EVIDENCE—MATTERS PLEADED IN ANOTHER SUIT HELD AN
     ADMISSION, BUT NOT CONCLUSIVE, AND NOT TO RAISE ESTOPPEL EXCEPT
     IN SUIT IN WHICH MADE.

     In a replevin suit brought by a wife, an answer filed in a suit based on an
arbitration agreement in another court, from which it might be inferred that
plaintiff and her husband owned the property, constituted a judicial admission
which might be used against plaintiff, but was not conclusive, and did not raise
estoppel against her except in the suit in which made.

(*October* 23. 1923.)

WOLCOTT, Chancellor, PENNEWILL, C. J., Harrington and
RICHARDS, J. J., sitting.

*George W. Lilly* and *Philip L. Garrett* for defendant below,
plaintiff in error.

*Caleb E. Burchenal* for plaintiff below, defendant in error.

Supreme Court, October Term, 1923.

Error to Superior Court for New Castle County, No. 86,
January Term, 1922.

RICHARDS, J., delivering the opinion of the Court:

Fannie Schoenberg, the defendant in error, brought an action
of replevin against Benjamin L. Rudnick, the plaintiff in error, for
the recovery of the possession of certain fixtures used in the meat
business, and a verdict was rendered in her favor.  During the
trial of the cause a sworn statement was admitted in evidence,
signed by the said Fannie Schoenberg and her husband Morris
Schoenberg, which had been filed by them as an answer to the
statement of claim filed in a suit previously brought against them
in the court of common pleas by the said Benjamin L. Rudnick.

The assignment of error relied upon is based upon the refusal
of the trial court to instruct the jury to return a verdict in favor
of the defendant.

The plaintiff in error bases his appeal to this court upon the single
fact that in the answer filed in the suit brought in the court of
common pleas it was alleged that both Fannie Schoenberg, the
defendant in error, and Morris Schoenberg, her husband, were the
owners of certain fixtures, being the same fixtures for which the
action of replevin was brought;  that the said Fannie Schoen-
berg and Morris Schoenberg were, therefore, estopped by the plead-

·ings filed in the suit brought in the court of common pleas, from testifying in the replevin suit that said fixtures were the property of Fannie Schoenberg alone, and could not claim them as her separate property.

[1]   It must be conceded, that in an action of replevin it is incumbent upon the plaintiff to show a general or special property in the goods replevied with the right to immediate and exclusive possession. *Pritchard's Adm'r v. Culver*, 1 *Harr.* 76; *Prichard's Adm'r v. Culver*, 2 *Harr.* 129; *Wilkins v. Wilson*, 1 *Marv.* 404, 41 *Atl.* 76; *Ott v. Specht*, 8 *Houst.* 61, 12 *Atl.* 721; *Reed v. Wiltbank*, 2 *Penn.* 243, 45 *Atl.* 400.

[2]   Does it clearly appear in the answer filed in the court of common pleas that the fixtures in question were the joint property of the defendant in error, Fannie Schoenberg, and her husband, Morris Schoenberg; or that they were not the sole property of Fannie Schoenberg? The answer admits that Morris Schoenberg, the husband of the defendant in error, entered into an oral agreement with Benjamin L. Rudnick, the plaintiff in error, to conduct a meat business for which the said Morris Schoenberg was to supply the fixtures. In *Paragraph* 8 of the answer, on page 8 of the record, the following language is used:

"Benjamin L. Rudnick should turn over to Morris Schoenberg all his fixtures supplied for the business at Ninth and Bennett streets."

And in *paragraph* 10 of the agreement, on *Page* 9. of the record, we find the following language:

"And in addition has unlawfully retained possession of certain fixtures that had been supplied by defendant Morris Schoenberg."

And again on *page* 9 of the record, under recoupment, at *Section* 1, we find the following language:

"That the various items described as fixtures and specified in *Paragraph* 10 above, supplied by the said Morris Schoenberg and admitted by the plaintiff in his statement of claim to be the property of defendants, have been unlawfully retained."

We are unable to find anything in the language indicating the ownership of the fixtures with sufficient certainty to enable us to hold that Fannie Schoenberg, the defendant in error, was estopped from claiming them as her property in the action of replevin. In order to raise an estoppel the purposes and intentions of the parties must be expressed with certainty, the facts alleged to constitute it must clearly express the meaning contended for so that nothing will be left to be explained by argument or to be taken by inference. *Mills v. Graves,* 38 *Ill.* 455, 87 *Am. Dec.* 314; *Fletcher v. McGill,* 110 *Ind.* 395, 10 *N. E.* 651, 11 *N. E.* 779; *Martin v. Maine Cent. R. Co.,* 83 *Me.* 100, 21 *Atl.* 740; *Schwab v. Edge,* 214 *Pa.* 602, 64 *Atl.* 80; *Hast v. Piedmont & C. R. Co.,* 52 *W. Va.* 396, 44 *S. E.* 155; *Claflin v. Boston & A. R. Co.,* 157 *Mass.* 489, 32 *N. E.* 659, 20 *L. R. A.* 638; *Ware v. Cowles,* 24 *Ala.* 446, 60 *Am. Dec.* 482.

The answer filed in the court of common pleas speaks of the fixtures as having been supplied by Morris Schoenberg, but this does not clearly indicate that they belonged to him; certainly there is room for argument as to their ownership and it might reasonably be inferred that they belonged to his wife, Fannie Schoenberg, who also signed the answer. Careless expressions made by persons who are ignorant of their rights, or declarations ambiguous in their character, cannot create a bar to the assertion of the truth.

We feel certain that upon this ground the court below was right in refusing to instruct the jury to render a judgment for the defendant.

[3] There is also another ground upon which the ruling of the court below can be sustained, namely, the well established principle that admissions made in judicial proceedings are never conclusive and never raise an estoppel except in the suit in which they are made. The reasonableness of this can be readily seen, because testimony given subsequently may be contradicted. Mr. Wigmore in his work on Evidence on this subject, says:

"The moment we leave the sphere of the same cause, we leave behind all questions of judicial admissions. A judicial admission is a waiver of proof and

a pleading is, for the purpose of the very cause itself, a defining of the lines of controversy and a waiver of proof of all matters outside these lines of dispute. But this effect ceases with that litigation itself. But, when we arrive at other litigations and seek to resort to the parties statements as embodied in the pleading of prior litigations, we resort to them merely as *quasi* admissions; that is, ordinary statements which now appear to tell against the party who then made them." 2 *Wigmore*, § 1065, *p.* 1242.

The answer containing the statements above quoted was filed in a suit brought in the court of common pleas, based on an arbitration agreement and certain bills resulting from the business conducted at Ninth and Bennett streets, in the city of Wilmington, an appeal from the decision of which is now pending in the Superior Court, while the action in which it was claimed the plaintiff was estopped from claiming the fixtures as her property on account of the statements contained in said answer, was a separate and distinct action of replevin brought in the Superior Court. We fail to see how it can be held that these two actions are related to or dependent upon the other to such an extent that the pleadings, admissions or statements made in the former would be binding in the latter. We think they come within the classification of *quasi* admissions, as described by Mr. Wigmore, or ordinary statements made by the plaintiff below, respondent, which may now be used against her. The following cases support the proposition that judicial admissions do not constitute an estoppel beyond the sphere of the cause in which they are made: *Parsons v. Copeland*, 33 *Me.* 370, 54 *Am. Dec.* 628; *Aylor v. Aylor*, 184 *Mo. App.* 607, 170 *S. W.* 704; *Stamp v. Franklin*, 144 *N. Y.* 607, 39 *N. E.* 634; *Perry v. Simpson Waterproof Mfg. Co.*, 40 *Conn.* 313; *Greenbery v. Stevens*, 114 *Ill. App.* 483; *Tabb v. Cabell*, 17 *Gratt.* 160 (58 *Va.*); *Rich v. City of Minneapolis*, 40 *Minn.* 82, 41 *N. W.* 455.

Counsel for the plaintiff in error has cited a number of cases which, he contends, support the contrary view, but after a careful consideration of the same we are convinced that they are not controlling. The strongest case cited is that of *Scanlon v. Walshe*, 81 *Md.* 118, 31 *Atl.* 498, 48 *Am. St. Rep.* 488. In that case a mother attempted to prove the illegitimacy of her children, born while she was living in lawful wedlock with her first husband, in order

that they might inherit the property of her second husband, but the court held she was estopped to swear to a state of facts in conflict with her proceedings for divorce from her first husband. It should be kept in mind, however, that this was a case in which the legitimacy of children was involved, which we have no doubt was strongly considered by the court. In fact, the court said in its opinion:

"It is fortunate that courts of justice are seldom called upon to consider a case in which the facts are so shocking to every sense of decency and morality as those presented by the record now before us."

In the case of *Lilly v. Menke*, 143 *Mo.* 143, 44 *S. W.* 730, where the construction of a will was in question, the court refused to allow the plaintiffs to deny on appeal what had been affirmed on a former appeal and upon which said former appeal was based. Both proceedings involved the construction of the will and being so closely related we think the action of the court was right.

In the case of *Hodges v. Winston*, 95 *Ala.* 514, 11 *South.* 200, 36 *Am. St. Rep.* 241, the defendant sought to take contradictory positions in the same case which the court would not permit him to do.

In the case of *Lehman v. Clark*, 85 *Ala.* 109, 4 *South.* 651, Clark sought to recover against Lehman and others as garnishees, but failing in this action brought suits against them as the makers, of certain notes, the court holding that the doctrine of *res adjudicata* did not apply. In the case of *Brock v. Rogers*, 184 *Mass.* 545, 69 *N. E.* 334, plaintiff, as guardian of her son, obtained an order of the court and sold to defendant certain real estate which belonged to the minor; later her son died and she became his sole heir. She then brought suit in her own name against the defendant for fraudulent representations made at the time of the sale of this land. The court held that she could not maintain the action in her own name as she did not sell her own land but that of her ward.

We fail to see that these cases support the contention of counsel for the appellant.

We are unable to find any error in the ruling of the lower court and the judgment is, therefore, affirmed.