LILLY *et al.* v. TOBBEIN *et al.*, *Appellants.*

DIVISION ONE.

| 103 | 477 |
| 110 | 58 |
| 103 | 477 |
| 122 | 471 |
| 123 | 140 |
| 103 | 477 |
| 126 | 195 |
| 126 | 218 |
| 126 | 223 |
| 127 | 580 |
| 128 | 185 |
| 103 | 477 |
| 141 | 369 |
| 143 | 142 |
| 78a | 565 |
| 103 | 477 |
| 153 | 315 |
| 103 | 477 |
| 85a | 140 |
| 103 | 477 |
| 163 | 454 |
| 89a | 408 |
| 103 | 477 |
| 92a | 8 165 |
| 92a | 9 165 |

1. **Will**: JUDGMENT REJECTING PROBATE, WHEN NOT A BAR. A judgment of refusal to probate a will because the plaintiff, an incorporated church society, was not a competent party to prosecute the suit is no bar to a new suit by competent plaintiffs.

2. ———: CHARITABLE DEVISE. A charitable devise or bequest will be upheld, though made to a voluntary unincorporated association.

3. ———: SUIT TO ESTABLISH: ISSUE. The only issue in a suit to establish a rejected will is whether or not the writing is the will of the testator.

4. ———: ———: ———. The court will not, in such proceeding, construe the will or determine whether its provisions are legal or illegal.

5. ———: ———: ———. Where a particular clause has been inserted in the will by fraud or forgery, it may, in such suit, be rejected for the reason that it is no part of the will, but, when the particular clause is found to be a part of the will the whole must be probated, and this is the case though such clause cannot be enforced.

6. ———: ———: ———. The question whether or not a devise to a church can be enforced cannot be decided in a suit to establish a rejected will; such question can be determined only after the instrument shall have been established as the will of the testator.

7. **Church Society, Incorporation of.** A church society by becoming incorporated does not lose its existence or become wholly merged in the corporation.

8. **Will, Suit to Establish**: PARTIES: AMENDMENT. Where a suit to establish a rejected will is commenced in the name of an unincorporated society and a demurrer is sustained to the petition because of the want of capacity of plaintiff to sue, members of the church suing in their own behalf and in behalf of others in the church can be substituted as parties plaintiff by an amended petition.

9. ———: ———: ———: LIMITATION. Such amendment introduces no new cause of action and relates back to the commencement of the suit for the purpose of preventing the bar of the statute of limitations.

*Appeal from Jackson Circuit Court.*—HON. T. A. GILL, Judge.

AFFIRMED.

*Karnes, Holmes & Krauthoff* for appellants.

(1) In the absence of statutory authority, the unincorporated Immaculate Conception Society was powerless to appear as a plaintiff in court. It was not a legal entity, could not sue, and a proceeding to which it alone appeared in an assumed corporate capacity, negatived, however, on the face of the petition, was a nullity—it lacked the essential requisite of an actor recognized by law. *Blakely v. Benecke,* 59 Mo. 195; *Heath v. Goslin,* 80 Mo. 316; *Webb v. LaFayette Co.,* 67 Mo. 353, 365; *Van Buren v. Church,* 62 Barb. 495, 497; *Petty v. Tooker,* 21 N. Y. 267, 271, 273; *Detroit Bund v. Detroit Verein,* 44 Mich. 313, 315, 316; Story Eq. Plead. [9 Ed.] secs. 497, 107, 110, 114a to 119; 1 Dan. Ch. Prac. [5 Ed.] pp. 24, 238, 240; *Church v. Clark,* 41 Mich. 730, 735; *Penfield v. Skinner,* 11 Vt. 269, 297. "Such associations cannot be recognized or dealt with as parties to an action." *Hill v. Beach,* 12 N. J. Eq. 31, 35. "They have no standing in court for any purpose." *Galen v. Road Co.,* 27 Barb. 543, 550, 551. "If they affect to sue as parties and their unincorporated character is disclosed by the petition, the proceeding is *felo de se*." Cooper Eq. Plead., pp. 40, 164, 165; Barbour on Parties, p. 381; Edwards on Parties, pp. 6, 40; Pom. on Remedies, sec. 393. (2) No amendment can be grafted on such a petition. 1 Tidd's Prac. 713; *Ex parte Collins,* 49 Ala. 69, 70, 71; *Edwards v. Ross,* 58 Ga. 147, 149; *Lodge v. Brooks,* 61 Me. 585; *Welch v. St. Louis,* 12 Mo. App. 516. (3) Consequently, there was no suit or proceeding which could be recognized until persons known to the law appeared as plaintiffs. When they appeared, after

the bar of the statute of limitation had become conclusive against their rights, this bar could not be obviated, nor the statute nullified, by indulging and sanctioning the idea that the petition by which they presented their claim for the first time related back as though it had been filed as of the date when the unauthorized proceeding was undertaken to be instituted by the unincorporated society. *Sweet v. Jeffries*, 67 Mo. 420, 424, 425; *Van Syckles v. Perry*, 3 Robertson (N. Y.) 621; *United States v. Innerarity*, 19 Wall. 595, 597; *Meath v. Commissioner*, 109 U. S. 268, 274; *Tiffin v. Leabo*, 52 Mo. 49; *United States v. Patterson*, 15 How. 10, 12; *Thieman v. Goodnight*, 17 Mo. App. 429, 433; *Gibbons v. Steamboat*, 40 Mo. 253, 256; *Bombeck v. Devorss*, 19 Mo. App. 38, 41; *Lumpkin v. Collier*, 69 Mo. 170; *Scoville v. Glasner*, 79 Mo. 449. (4) The so-called amended petition was a new suit as to those plaintiffs who then appeared and sued for the first time. *Bombeck v. Devorss*, 19 Mo. App. 38, 41; *Buel v. Trans. Co.*, 45 Mo. 562; *Durnin v. Waddingham*, 12 Mo. App. 145; *Bassett v. Fish*, 75 N. Y. 303, 315; *Shaw v. Cock*, 78 N. Y. 194, 197; *Wright v. Storms*, 3 N. Y. Code Rep. 138; *Comegyss v. Robb*, 2 Cranch, C. C. 141; *Commission Co. v. Russell*, 8 Cowen, 122; *Quinby v. Claflin*, 27 Hun, 611. (5) The allowance of an amendment is a matter of discretion; but the effect of the amendment, when made, is one of law. The defendant cannot be deprived of the defense of the statute of limitations by permitting an amendment; nor is a court authorized to defeat or nullify that statute by exercising a discretion. *Shaw v. Cock*, 78 N. Y. 194, 197; *Gill v. Young*, 88 N. C. 58, 61; *Brown v. Thomas*, 69 Ga. 47; *Van Syckles v. Perry*, 3 Roberts. 621, 624; *Quinby v. Claflin*, 27 Hun, 611. (6) This proceeding is purely a statutory one and stands as a substitute for an appeal from the judgment of the probate court. "It stands on a different foundation from ordinary actions at law or causes of action." *Garvin v. Williams*, 50 Mo. 206,

212; *Jourden v. Meier*, 31 Mo. 40; *Hughes v. Burriss*, 85 Mo. 660, 665; *Benoist v. Murrin*, 48 Mo. 48, 52; *Harris v. Hays*, 53 Mo. 90. (7) "According to the common law, the Church of Christ, not being a civil corporation, could not sue in its aggregate name, nor in the names of its agents or trustees, in whom the right of property is not, either by contract or devise, exclusively vested." *Curd v. Wallace*, 7 Dana, 190, 192; Greenhood, Public Policy, p. 508; *Bundy v. Birdsall*, 27 Barb. 31, 33, 34; *Taft v. Ward*, 106 Mass. 518, 524, 525; *Heath v. Goslin*, 80 Mo. 310, 316. (8) The validity of the only clause of the will remaining unrenounced by the widow turns upon the question whether a direct and absolute devise to an unincorporated church can be upheld as declaring a charitable trust. There are no words prescribed or limiting the uses to which the property shall be put, nor is anyone named as devisee who is competent to take. The general rule is that a devise to a non-existing corporation, or to an unincorporated body, is void. Grant on Corp. 123; *Counden v. Clark*, Hobart, 33; 8 Vin. Arb., title "Devise," H. 1; *Douthitt v. Stinson*, 63 Mo. 268, 273, *et seq.* This rule is not obviated by the fact that the body in question is a "church." *McCartee v. Asylum*, 9 Cowen, 437, 504, 509; *James v. Allen*, 3 Meriv. 17, 19; *Ellis v. Selby*, 1 Myl. & Cr. 286, 298; *Vezey v. Sampson*, 1 Sim. & St. 69, 71; *Nash v. Morley*, 5 Beav. 177, 182; *Kendall v. Granger*, 5 Beav. 300, 302; *Cromie v. Orphan's Home*, 3 Bush, 365, 373, 376, 391; *Kain v. Gibbony*, 101 U. S. 362, 365; *Earle v. Wood*, 7 Cush. 430, 437, 438, 441, 451. (9) The will declares no charitable trust, whether the property affected be deemed real or personal in its nature. An unincorporated society cannot take either class of property under our law. *McKeon v. Kearney*, 57 How. Pr. 349, 353; *Betts v. Betts*, 57 How. Pr. 355; *Leonard v. Davenport*, 58 How. Pr. 384, 386. (10) The interest of the church in the realty affected by the will was a contingent remainder, and this estate was defeated

by the widow's renunciation of the will. Broom & Hadley's Comm., pp. 623, 624, 633, 627, 628, note 302 ; 2 Greenl. Cruise, 202, 249 ; 2 Washb. Real Prop. [ 4 Ed. ] pp. 541, 542, 548, 569 ; 2 Blackst. Comm. 169 ; 4 Kent's Comm. 202, 208 ; *Williamson v. Field*, 2 Sandf. Ch. 533.

*Wm. F. Woerner* also for appellants.

(1) The proceeding instituted by the sole plaintiff—the fact of its unincorporation appearing on the face of the petition—was a nullity ; there was no suit before the court. (2) A nullity, such as this proceeding, cannot be galvanized into vitality by means of an amendment. An amendment can only be made when there are " parties before the court ;" otherwise the proceeding " would in effect be the commencement of a new action." Pomeroy, Remedies & Rem. Rights [ 2 Ed. ] sec. 414, p. 460 ; sec. 420, p. 464 ; *Davis v. Mayor*, 14 N. Y. 506 ; *Eyerman v. Scollay*, 16 Mo. App. 498 ; *Ex parte Collins*, 49 Ala. 69 ; *Lake v. Morse*, 11 Ill. 587 ; *Thruston v. Kercheval*, 7 Humph. 329 ; *Lodge v. Inhabitants*, 61 Me. 585 ; *Little v. Virginia Co.*, 9 Nev. 318 ; *Edwards v. Ross*, 58 Ga. 149 ; *Thieman v. Goodnight*, 17 Mo. App. 429 ; Anderson's Law Dict. (3) Even if the amendment were otherwise allowable, the suit solely instituted by a nonentity cannot inure to the benefit of the proper plaintiffs, who do not come in until barred by lapse of time. As to the latter, it is, in effect, a new suit. It does not strike back by relation so as to avoid the statute, unless the original parties had some interest in the suit. *Willink v. Renwick*, 22 Wend. 608, 610 ; *Jones v. Johnson*, 81 Ga. 294 ; s. c., 6 S. E. Rep. 181 ; *Jackson v. Murray*, 1 Cowan, 156 ; *Railroad v. Culbertson*, 72 Tex. 375 ; *Van Syckles v. Perry*, 3 Roberts. ( N. Y.) 621 ; *Eyerman v. Scollay*, 16 Mo. App. 498 ; Story, Equity Pleading, sec. 904. (4)

The statute, under which alone any proceeding could be brought to contest this will, requires suit to be instituted, within five years, by a "person interested in the probate." The unincorporated so-called plaintiff was not a person, either natural or artificial. Six years had elapsed, when for the first time, a person appeared to claim his rights. It was too late. R. S. 1879, sec. 3980 ; R. S. 1889, sec. 8888.

*Alexander Graves* and *Mansur & McLaughlin* for respondents.

(1) A devise of property to a designated "church" is *ex vi termini* a charity, and will be upheld, although the devisee is unincorporated. See directly in point: *Historical Society v. Academy*, 94 Mo. 459 ; *Curling v. Curling*, 8 Dana (Ky.) 38 ; *Evangelical Association's Appeal*, 35 Pa. St. 316 ; *Bartlet v. Nye*, 4 Met. (Mass.) 378 ; *Burbank v. Whitney*, 24 Pick (Mass.) 146 ; *Washburn v. Sewall*, 9 Met. (Mass.) 280 ; *Tucker v. Aid Society*, 7 Met. 180 ; *Schnorr's Appeal*, 67 Pa. St. 146 ; *Zimmerman v. Anderson*, 6 Watts & Serg. 218 ; *Burr v. Smith*, 7 Ver. 241 ; *Dodge v. Williams*, 46 Wis. 72, *et seq.; Gould v. Asylum*, 46 Wis. 115 ; *Estate of Ticknor*, 13 Mich. 55 ; *Jones v. Hobersham*, 107 U. S. 188 ; *Beatty v. Kurtz*, 8 Curtis (U. S.) 212 ; *Zeiswiss v. James*, 63 Pa. St. 465. (2) But this will required the executor to sell and divide the proceeds. Therefore, the executor becomes a trustee and the title to the land vested in him as such trustee. *Taylor v. Benham*, 16 Curtis, 377 ; 5 How. 233 ; *Wilson v. Wilson*, 54 Mo. 213. The fact that this executor by the will was to sell the property after expiration of the widow's life-estate, and divide the proceeds, render this a will of personalty. *Hocker v. Gentry*, 3 Met. (Ky.) 473 ; *Arnold v. Arnold*, 9 B. Mon., pp. 86, 87, 88 ; *Peter v. Beverly*, 12 Curtis, 235 (10 Pet.). (3) The constitutional point is eliminated from this case, because that applies only to

religious corporations ; and this plaintiff is the unincor-
porated association.   ( 4 ) The validity of this will must
depend upon the state of the law in force when the
testator died, not the Drake constitution.   *Dodge v.
Williams*, 46 Wis. 106 ; *DePeyster v. Clendening*, 8
Paige, 295 ; *Doubleday v. Newton*, 27 Barb. 431.   ( 5 )
The amendment which was allowed in this case was
proper.   *House v. Duncan*, 50 Mo. 453 ; *Ward v. Pine*,
50 Mo. 39 ; *Harkness v. Julian*, 53 Mo. 238 ; *Wellman
v. Dismukes*, 42 Mo. 103 ; *State v. Shelby*, 75 Mo. 482 ;
*Bank v. Magee*, 20 N. Y. 356 ; *Newton v. Millville*, 17
How. Pr. 318 ; *Fuller v. Ins. Co.*, 12 How. Pr. 293 ;
*Thompson v. Kessel*, 30 N. Y. 383.   ( 6 ) The statute
of limitations cannot be successfully invoked by the
defendants in this cause.   *Buell v. St. Louis*, 45 Mo.
563 ; *Lottman v. Barnett*, 62 Mo. 170 ; *George v. Reed*,
101 Mass. 379 ; *Ins. Co. v. Ludwig*, 108 Ill. 514 ; *Thomas
v. Ins. Co.*, 108 Ill. 91 ; *Ice Co. v. Ins. Co.*, 23 N. Y.
357.   ( 7 ) "The English statutes of mortmain ( which
alone referred to realty and excluded personalty ) have
never been re-enacted or held to have been adopted in
America.   2 Kent, Com. [ 12 Ed.] 282."   *Chambers v.
St. Louis*, 29 Mo. 575.   ( 8 ) The renunciation by the
widow of her life-estate did not destroy the interest of
the church in the property conveyed by the will.   4
Kent [ 12 Ed.] 203, 206 ; 1 Cooley's Blackstone, pp.
168, 172.   ( 9 ) The testator really left nothing but per-
sonalty.   *Gould v. Asylum*, 46 Wis. 117 ; *Taylor v.
Benham*, 16 Curtis, 387 ; *Seymour v. Freer*, 8 Wallace,
214.   Charitable bequests are looked upon by the
courts with favor, and they endeavor to carry them into
effect if it can be done consistently with the rules of
law.   Perry on Trusts [ 3 Ed.] sec. 709 ; *Burr v. Smith*,
7 Ver., *supra* ; 2 Wait, Actions & Defenses, 150 ; *Dodge
v. Williams*, 42 Wis., *supra.*

BLACK, J.—This case is now before us on rehearing.
It was stated in the abstracts on both sides, on the

former hearing, that the present suit was commenced by an incorporated association, and we decided the case on that theory of fact. It now transpires that it was commenced by an unincorporated association. While the error in this statement of fact affects but one or two questions, still it is deemed best to substitute this opinion for the one heretofore filed.

Ilett Tobbein died on the twenty-fifth of September, 1879, leaving a wife but no living children. He left a will, whereby he devised all of his property, real and personal, to his wife Catharine, for her natural life, and at her death the one-half to go to her heirs, "and the other and remaining half of my said estate I give and bequeath to the Catholic church at the city of Lexington, in the state of Missouri." The will goes on to make provision for the payment of the debts, and then declares that the nominated executor, William A. Donaldson, shall, after the death of the wife, sell at public auction all of the real and personal property, and "divide the proceeds equally between the heirs of my said wife and the said Catholic church at Lexington, according to the provisions herein aforesaid." The nominated executor died prior to the death of the testator.

The will was presented to the probate court of Caldwell county for proof and probate, but that court rejected the same on the twenty-sixth of December, 1879. The estate of the deceased was then ordered into the hands of the public administrator. At and prior to the last-mentioned date the church was simply an unincorporated religious society. It was thereafter incorporated under the general laws of this state, and by its incorporated name commenced a suit in the Caldwell circuit court to establish the rejected will. That suit resulted in a judgment probating the will; but, on the appeal prosecuted by the defendants, the judgment was reversed without remanding the cause for new trial. 82 Mo. 418. Thereafter the church society, as an unincorporated

association, brought this suit for the purpose of establishing the same will. The venue of the cause was changed to Jackson county, where a trial was had on an amended petition, resulting in a judgment that the instrument was the last will of Tobbein, to reverse which the defendants prosecute this appeal.

To the original petition filed in this cause the defendants demurred, on the ground, among others, that the unincorporated church society had no power or legal capacity to sue. The demurrer was sustained, and thereupon an amended petition was filed, adding as plaintiffs John J. Lilly, Michael Howell, Patrick O'Malley and Thomas Clark, members of, and alleged to be trustees, of the church. These persons sue for themselves and all other members of the association. The amended petition also names one hundred or more persons, members of the church, as additional plaintiffs. To this amended petition the defendants demurred, and this demurrer was sustained as to the unincorporated association, but overruled as to the new plaintiffs brought in by the amended petition.

The will is in due form, was properly signed by the testator and was duly attested. It was admitted on the trial that the testator was, at the time of making the will, of sound and disposing mind, and that it was his own free act. The widow, it may be added, renounced the will and elected to take under the law.

1. A point made in the trial court and urged here is, that the judgment of this court in the former case is conclusive upon these plaintiffs, and that they are barred and precluded from again bringing forward the instrument for the purpose of having it established as the will of Tobbein.

The incorporated society was the sole plaintiff in that case, and, as the corporation was not organized until after the death of the testator, the conclusion seems to have been reached that the corporation had no such interest in the probate of the will as would give it a

standing in court as the proponent. The judgment was, therefore, simply one of reversal. Where the final judgment is one upon the merits, it must be a judgment to the effect that the paper writing produced is, or that it is not, the will of the testator. This court gave no such a judgment. There was no judgment at all on the issue of will or no will. The judgment of reversal simply said the then plaintiff had no right to prosecute the suit, because it was not a party in interest. The final judgment in that case left no impediment in the way of a new suit by anyone having the requisite interest.

2. The Catholic church at Lexington was, at the death of the testator, an unincorporated association and not a legal entity. Ordinarily, there must be a devisee in existence capable of taking, otherwise the devise is of no validity. But it is well-settled law that a charitable devise or bequest will be upheld and enforced, though it is made to a voluntary unincorporated association. 2 Perry on Trusts [3 Ed.] sec. 730; *Schmidt v. Hess*, 60 Mo. 591.

The defendants do not question the proposition just stated, but they do insist that this will fails to define, limit or declare a charitable use. On the other hand, plaintiffs insist that a devise to a designated church is *ex vi termini* a devise to charity. Many authorities are cited and arguments made on the one side and the other of these propositions. The statement of these issues of law presents the inquiry, whether the validity of the devise to the church can be properly determined in this suit, the object of which is to establish a rejected will.

Under our law the will is first presented to the probate court to be proved and admitted to probate. The proceeding in that court is *ex parte* and without notice. The statute, however, provides that if any person interested in the probate of any will shall appear within five years after the probate or rejection thereof, and, by a petition to the circuit court, contest the validity of the

will, or pray to have a will proved which has been rejected, an issue shall be made up, whether the writing produced be the will of the testator or not. From these provisions of the statute it is plain to be seen that the only issue to be tried is whether the writing is the will of the testator. In trying this issue the court is not called upon to construe the will, nor is it called upon to say whether the provisions of the will are legal or illegal. If a particular clause has been inserted by fraud or forgery it may be rejected, and this for the plain reason that it is no part of the will; but when the particular clause is found to be a part of the will the whole must be probated, and this, too, though the particular clause cannot be enforced. This question was fully considered in the recent case of *Cox v. Cox*, 101 Mo. 168, and as there said, quoting from 1 Woerner's Law of Administration: "If the will be properly executed and proved, it must be admitted to probate, although it contain not a single provision capable of execution." The question whether this devise to the church can or cannot be enforced is foreign to the issues in this case. Such questions can only be determined when and after the instrument is established as the will of Tobbein.

3. The statute allows "any person interested in the probate of a will" to prosecute a suit to contest the same, or to have one proved which has been rejected by the probate court. Assuming that the church is capable of suing, the fact that it is by the will made a devisee gives to it an interest which entitles it to prosecute this suit. The question then arises whether that interest can be represented by the present plaintiffs.

It appeared in the former suit, as it does now, that, at the death of the testator, the Catholic church, at Lexington, was simply an unincorporated religious association. Thereafter, the members of the church organized as a corporation, and that suit was instituted by the incorporated association. It was held that the

incorporation of the plaintiff did not vest in it the property rights of the church society, and for that reason the plaintiff could not maintain the suit. Trustees of a charity are often incorporated for the purpose of executing the trust, and, since the church society was doubtless incorporated to enable it the better to protect the devise in question, the correctness of the conclusion reached in that case, as to the rights of the corporation to prosecute the suit, may well be doubted. It was, however, held in that case, and we think correctly held, that the church society did not lose its existence, or become wholly merged in the corporation.

The constitution provides that "No religious corporation can be established in this state, except such as may be created under a general law for the purposes only of holding the title to such real estate as may be prescribed by law for church edifices, parsonages and cemeteries." Art. 2, sec. 8. As a church can only be incorporated for the specified purposes, it was held that the church organization for religious purposes must continue after incorporation. In view of an intimation then made, this suit was commenced in the name of the unincorporated society, but a demurrer to the petition was sustained because of the want of capacity in the plaintiff to sue. It is now insisted that Lilly, O'Malley, Howell and Clark who were made parties plaintiff by the amended petition and who are members of the church and sue for themselves and all other members of the association cannot prosecute this suit.

It is a well-established rule in equity pleading that one or more of the members of a voluntary association, whether organized for public or private purposes, may sue for and in behalf of all of the members. Story, Eq. Plead. [9 Ed.] secs. 94 and 114 a. The right of a few persons to sue for themselves and all other persons similarily situated has been recognized by this court on several occasions. 52 Mo. 81 ; 67 Mo. 203. It is true that this is an equity rule, and we have no statute

extending it to actions at law, as is the case in some of the states. It has also been said in several cases that a suit to contest a will, or to establish one which has been rejected by the probate court, is an action at law. *Lyne v. Marcus*, 1 Mo. 410 ; *Swain v. Gilbert*, 3 Mo. 347 ; *Young v. Ridenbaugh*, 67 Mo. 574 ; *McIlwrath v. Hollander*, 73 Mo. 112. Such a suit is doubtless one at law in the sense that it is a statutory proceeding. But this court said in the case of *Eddie v. Parke's Ex'r*, 31 Mo. 513, which was a suit to contest a will : " Although this is technically a proceeding at law, yet in many respects it partakes of the nature of a proceeding in chancery, and the rules recognized in courts of equity, with respect to the persons necessary to be made parties to a bill, we think, is to a great extent applicable to a case of this kind." Looking to the parties who should be brought before the court, the method of making up and submitting the issue of will or no will, and the character and form of the judgment, we can but conclude that a suit to contest or establish a will has many of the features of a suit in chancery ; and the equity rule allowing one or more members of a voluntary association to sue for all should be applied to cases like the one in hand.

It results from what has been said that it is a matter of no consequence that some of the other named plaintiffs have died or ceased to be members of the church, or are minors or married women. They may be disregarded as unnecessary parties.

4. It is further urged that the circuit court erred in allowing the amended petition to be filed, whereby competent plaintiffs were substituted for an incompetent one ; and that the court erred in not sustaining the defendants' answer setting up the statute of limitations. Proceedings of this kind are governed by the practice act, except as otherwise specified in the statute concerning wills. Amendments may be made and allowed the same as in other cases. The practice act provides,

among other things, that when a complete determination of the controversy cannot be had without the presence of other parties, the court may order them to be brought in. R. S. 1879, secs. 3566–7. These provisions of the code have always been liberally construed, and it is but every-day practice to bring in new parties plaintiff and defendant by way of amended pleadings; and there was no error in allowing this amended petition to be filed.

5. Proceedings in the circuit court to contest or establish a will must be brought within five years after probate or rejection of the same. This suit was commenced in due time by the unincorporated church association, but the amended petition bringing in Lilly and others as plaintiffs was not filed until after the expiration of the five years. The question whether the amendment, when made, related back to the commencement of the suit so as to prevent a bar is, of course, a different one from the right to make the amendment.

*Buel v. Trans. Co.*, 45 Mo. 562, was a personal damage suit brought by the mother of the injured child. The cause of action was barred in one year. After the lapse of that time the plaintiff's divorced husband, who for some reason had been made a defendant, was made a coplaintiff by amendment, and the question was whether that amendment related back to the commencement of the suit. The rule then laid down is to this effect, where the amendment sets up no new matter or claim, but is a mere variation of the allegations affecting a demand already in issue, then the amendment relates to the commencement of the suit, and the running of the statute is arrested at that point; but where the amendment introduces a new claim, not before asserted, then it is not treated as relating to the commencement of the suit, but as equivalent to a fresh suit upon a new cause of action, the running of the statute continuing down to the time the amendment is filed. Indeed, amendments may be allowed, rather than

drive a party to a nonsuit, for the very purpose of saving the cause from the statute of limitations. *Lottman v. Barnett*, 62 Mo. 159 ; *George v. Reed*, 101 Mass. 378.

It is doubtless true, as many of the authorities cited hold, that an amendment bringing in a new party defendant will not relate back so as to prevent the bar of the statute as to the new party defendant ; but there is a vast difference between substituting a competent for an incompetent plaintiff, and bringing in a new defendant. Substituting the party having the legal right to sue for the claim for which the action was brought, instead of another party improperly named as plaintiff, is not the commencement of a new action, and in such a case the amendment relates back to the commencement of the action. *Ins. Co. v. Ludwig*, 108 Ill. 514.

Now in the present case there has been no change in the cause of action itself. The subject-matter of the suit and the issues to be tried were the same after as before the amendment. So far as the defendants are concerned this suit was commenced when process was served upon them. The suit has been, from first to last, prosecuted in the interest of the church, and we entertain no doubt but the amendment substituting the individual plaintiffs for the unincorporated association related back to the commencement of the suit and the statute of limitation was arrested at that time.

But, on behalf of some of the defendants, it is argued that the proceedings up to the time the amendment was made was a nullity, because prosecuted by a mere voluntary association, and for that reason the amendment was in effect the commencement of a new action. It is certain these defendants did not regard the suit as a void proceeding, for they appeared to the writ, stipulated for a change of venue, and pleaded to the petition. It would be going very far to say that a judgment establishing this will at the suit of the voluntary association would be a void judgment. We think

such a judgment could not be successfully assailed in a collateral proceeding.

On the conceded facts, this will should have been probated at the outset, and the objections interposed by the defendants must be and are overruled. The judgment of the circuit court is, therefore, affirmed. BRACE, J., absent; the other judges concur.