Lilly v. Menke.

LILLY *et al.*, *Appellants*, v. MENKE *et al.*

In Banc, March 1, 1898.

1. **Practice**: SHIFTING POSITION. Plaintiffs on a former appeal in this case based their right to recover on an allegation in their petition that Mrs. Tobbein had renounced her husband's will and had made an election of one half of his estate under the statute, instead of a life use to the whole estate as given her by the will. *Held*, that they will not be permitted in this appeal, or on the trial, to deny the facts previously pleaded by them.

2. ———: ESTOPPEL: RES ADJUDICATA. This court will not consider a question settled on a former appeal in the same cause, if it appears that the reason assigned for overruling the former decision is that the allegations of the petition as it then stood were untrue and are now denied, and no claim is made of mistake or inadvertence. It would be intolerable to permit a party to shift his position and deny an averment which he has asserted as a fact in his pleadings and maintained at every step in a cause until the court, relying on the fact as conclusively established, decides against him, unless he makes some show of inadvertence or mistake, or of fraud on the part of his adversary directly contributing thereto.

3. **Dower**: CURTAILMENT BY WILL: PARAMOUNT RIGHT OF DOWRESS. The widow's right to elect to take that part of her husband's estate which the statute gives her, is paramount to the husband's right to dispose of her share by will.

4. ———: ———: ———: EFFECT OF WILL. Where a husband undertook by will to give all his property to his widow for her life and then one half of the estate to a certain church, and the widow being without children, renounced the will and elected to take one half of his estate absolutely, as she could do under the statute, his will only operated on the other half of his estate, and the amount to which such church was entitled is one fourth of the estate after paying debts. Her election did not frustrate the whole scheme of the will, but its intention and purpose will be carried out as to the remaining half of the estate, and that was the *whole estate effected by* the will after her election had been made.

143  137|
f89a 288|

143  137|
91a 528|

143    137
101a ¹ 30,

*Appeal from Livingston Circuit Court.*—HON. A. W. MULLINS, Special Judge.

AFFIRMED.

. *Alex. Graves, C. S. McLaughlin* and *Scott J. Miller* for appellants.

(1) It is clear that Tobbein desired and so expressly stated in his will that the Catholic church at Lexington should have one half (not three twelfths of his estate) after the determination of his wife's life estate. *Preston v. Brant*, 96 Mo. 556; *Murphy v. Carlin*, 113 Mo. 112; *Van Winkle v. Van Houten*, 3 N. J. Eq. 193. (2) It will be noted that the sections 4518, 4522 and 4528, under which the renunciation must be made and to which it must literally conform, create a new and statutory estate, and is not to be confounded with nor governed by the same principles of law concerning dower (a common law right) which are provided for in sections 4513, 4514, 4515, Revised Statutes 1889. Anderson's Law Dic., p. 815, title "Probate;" Chitty's Blackson, 424,* p. 506; 1 Bishop on Married Women, sec. 439; *Hall v. Smith*, 103 Mo. 293; *Lamb v. Helm*, 56 Mo. 433; *Lilly v. Tobbein*, 103 Mo. 487; R. S. 1889, sec. 6570. (3) The will was by the probate court declared null and void, and probate rejected on December 24, 1879, and was never probated until May 22, 1891. During this twelve years there was, in law, no will to renounce, and the widow could make no lawful election. *McElfresh v. Schley & Ban*, 2 Gill, 201; *Goodrich v. Sheddon*, 8 Ves. 481; *Thellusson v. Woodford*, 13 Ves. 223. She might as well have renounced the will the day of its date, March 25, 1863. The alleged renunciation was made, *first*, before probate (and when there was no will so to speak) and

also before the granting of the letters of administration to Brown, and, *second,* it was never recorded as required by said statutes. (4) A perusal of the following authorities will fully sustain our contention for a literal and rigid construction of the foregoing statutes and will necessarily result in proving the alleged renunciation and election nugatory. *Allen v. Harnett,* 116 Mo. 286; *Daudet v. Mussick,* 9 Mo. App. 270; *Welsh v. Anderson,* 28 Mo. 299; *Pierce v. Woodford,* 43 Mo. 253; *Daugherty v. Burns,* 64 Mo. 161; *Britz v. Matney,* 60 Mo. 448. This election was purely voluntary. *Houston v. Lane,* 62 Iowa, 292; *Albright v. Albright,* 70 Wis. 532; *Baldwin v. Hayne,* 51 Iowa, 503; *Howard v. Watson,* 76 Iowa, 230; *Smith v. Smith,* 20 Vt. 270; 2 Woerner's Am. Law Adm'r, 271; 7 Am. Probate Rep. 98. (5) But if the widow's election and renunciation was good, notwithstanding what has been urged against it, then it had the effect to destroy the estate which at her death and after the death of the testator was to be given to her "heirs" and legal representatives, for herein we contend: (*a*) That her interest was a contingent remainder. *First,* because of the uncertainty who would be her heirs; *second,* contingent upon the widow not renouncing the will. *Preston v. Brant,* 96 Mo. 552; *Reinders v. Koppleman,* 68 Mo. 500; *Maguire v. Moore,* 108 Mo. 274; *Sikemeyer v. Galvin,* 124 Mo. 369; *Rodney v. Landan,* 104 Mo. 257; *Brown v. Rogers,* 125 Mo. 396; *Emmerson v. Hughes,* 110 Mo. 630; *Putman v. Gleason,* 99 Mass. 454; *Olney v. Hull,* 38 Mass. 313. Furthermore this remainder was contingent upon the widow not renouncing the will. *Gainer v. Gates,* 73 Iowa, 152; *Thompson v. Hoop,* 6 Ohio St. Rep. 487. And in no event could the estate be considered an executory devise. R. S., secs. 8838, 8911; *Criley v. Chamberlain,* 30 Pa. St. 161; *Mauice v. Mauice,* 43 N. Y. 303;

Dembitz on Land Titles, 156. (*b*) According to the foregoing authorities the interest of Catherine Tobbein's "heirs" was by the terms of the will made contingent. And it was the intention of testator that such interest should be so construed in order to meet the very condition of affairs now presented, so that the church should get its one half of the estate, and leave the widow at liberty to renounce the will and thus disappoint her heirs, taking her half of estate to herself, and leaving the other half to the church. *Gainer v. Gates*, 73 Iowa, 152; *Thompson v. Hoop*, 6 Ohio St. Rep. 487; *Payne v. Payne*, 119 Mo. 178.

*J. M. Davis, Chas. A. Loomis* and *W. W. Davis* for respondents.

(1) "Where a testator devises his estate to his wife for life with a remainder over of one half to a religious association and one half to the heirs and legal represenatatives of his wife, and the latter renounces her rights under the will, and elects to take, in her right of dower under Revised Statutes 1889, section 2190, one half of the estate absolutely, subject to debts, the will operates only on the remaining half of the estate and the religious association as devisee in remainder will take only one fourth of the whole." *Lilly v. Menke*, 126 Mo. 190. (2) Catherine Tobbein's renunciation of the will could only affect the rights which she acquired under the will, and could not affect the rights which her heirs at law acquired thereunder; therefore she took one half of the original estate in lieu of the life estate given her by the will, which leaves the other half of the estate to be divided between her heirs-at-law and the Catholic church at Lexington, according to the terms of the will. *In re Cunningham's Estate*, 20 Atl. Rep. 714; *In re Rawling's Estate*,

47 N. W. Rep. 992; 1 Redf. Wills [3 Ed.], p. 429,
note; *Allen v. Hannum,* 15 Kan. 470.   (3)   "When a
case has been decided by the Supreme Court and again
comes before it, only such questions will be considered
as were not determined on the former appeal.   A
matter once expressly decided by the Supreme Court
can not on a second appeal be brought in question.   It
is *res adjudicata.*"   2 McQuillin's Pl. and Prac., sec.
2083, and cases cited.   The Supreme Court in the case
of *Lilly v. Menke,* 126 Mo. 190, expressly decided every
question determining the property rights of plaintiffs
and defendants.   (4)   The trial court in the last trial
pursued strictly the path marked out by the Supreme
Court in its decision, and it is now the duty of the
Supreme Court to approve that action.   When a case
has been once appealed and being remanded is tried in
accordance with the opinion of the appellate court, error
can not be assigned of the rulings of the trial court in
so doing, the decision of the appellate court being *res
adjudicata,*" and the appellate court has no further
concern therewith.   2 McQuillin's Pl. and Prac., sec.
2083; *Galbreath v. Rogers,* 45 Mo. App. 324; *Galbreath
v. Newton,* 45 Mo. App. 312; *Com. Co. v. Bank,* 35 Mo.
App. 472; *Lane v. Railroad,* 35 Mo. App. 567; *Lally
v. Cantwell,* 40 Mo. App. 44; *Lead & Zinc Co. v. Ins.
Co.,* 41 Mo. App. 406.   (5)   Plaintiffs litigant are not
allowed to assume inconsistent positions in court; hav-
ing elected to adopt a certain course of action, they
will be confined to that course which they have adopted.
Big. on Estop. [5 Ed.], 673–717; *Brown v. Brown,* 90
Mo. 184; *McClanahan v. West,* 100 Mo. 309; *Tower v.
Moore,* 52 Mo. 118; *Smiley v. Cockerell,* 92 Mo. 112;
*Green v. St. Louis,* 106 Mo. 454; *Knoot v. Kelsey,* 102
Mo. 291; *Ramsey v. Henderson,* 91 Mo. 560; 1 Herman
on Estop., sec. 177.   (6)   The renunciation of the
will of Ilett Tobbein, deceased, by Catherine Tobbein,

could be filed in the office of the probate court at any time within twelve months after the proof of the will; and the fact that said renunciation was filed in said court within one year after proof of the will, but before the will was finally admitted to probate, which was not until the twenty-second day of May, 1891, five years after the death of Catherine Tobbein, which occurred on the fourteenth day of July, 1887, did not invalidate the said renunciation. R. S. 1889, sec. 4528; Rap. and Law. Law Dic., art. on Probate; Bouvier Law Dic., art. on Probate; Best on Ev., p. 9; Bouvier Law Dic., art. on Proof; R. S. 1889, secs. 4528, 4518.

GANTT, C. J.—This is the second appeal in this cause. The first is reported in *Lilly v. Menke,* 126 Mo. 190.

The subject-matter has been litigated since 1880. Its first appearance in this court was in the suit of the incorporated *Catholic Church of Lexington, Missouri, v. Catherine Tobbein et al.,* to establish the will of Ilett Tobbein, 82 Mo. 418. It was held that the plaintiff therein had no property rights in the estate devised by said Tobbein and that the judgment should be reversed without remanding. Thereafter the plaintiffs as trustees of the unincorporated church of the Immaculate Conception for themselves and the other members of said church, renewed said suit and obtained a judgment establishing said will, and that judgment was affirmed in this court in *Lilly v. Tobbein,* 103 Mo. 477. The will established, plaintiffs commenced this suit in July, 1890, in the circuit court of Caldwell county for the partition of the estate of Ilett Tobbein in accordance with the provisions of his said will, and averred that by said will he devised and bequeathed one half of his estate to said unincorporated Catholic church at Lexington and that said church was entitled to one half of said estate.

The defendant Maria T. Menke and her husband and
their co-defendants entered their appearance and filed
an answer and denied that the church was entitled to
one half, but alleged that Mrs. Tobbein, to whom the
testator had given only a life estate in all of his prop-
erty, had renounced said will and elected to be endowed
absolutely of one half of said estate and thereby became
seized of said half and had afterward executed her last
will devising her estate to Elizabeth Smith, Agnes and
William A. Polking and Maria T. Menke and appointed
Chas. T. Menke her executor, and afterward on July
14, 1887, had died, and her said will had been duly
probated, and by reason of the renunciation and elec-
tion of Mrs. Tobbein only one half of the estate of
Ilett was subject to the provisions of his will and ac-
cordingly the church was entitled to one fourth only
and his other devisees one fourth, and Mrs. Tobbein's
devisees the one half which she took by her election.
A change of venue was then granted to Livingston
county and in the circuit court of that county plain-
tiffs filed a second amended petition setting out the will
*in haec verba*, its probate, and then made the following
averment: "Plaintiffs state that on the —— day of
——, 1879, and within one year after the last will of
Ilett Tobbein was offered for probate, the said Catherine
Tobbein, deceased, filed in the office of the probate
court of said Caldwell county a declaration of her elec-
tion to renounce the provisions of said last will and
testament of said Ilett Tobbein, wherein she elected
to take one half of all the real and personal estate be-
longing to said Ilett Tobbein absolutely, which renun-
ciation and declaration was duly filed and legally exe-
cuted by the said Catherine Tobbein, and she, the said
Catherine Tobbein, became the owner in fee of one
half of the real estate described aforesaid," and then
proceeded to allege the making of a will by said Cath-

erine and set it out also at length, and further averred that Maria T. Menke, by virtue of the renunciation and election of Catherine Tobbein and by her last will and testament, had become seized of and entitled to one half of said estate, charged with the legacies in said will provided. A decree of partition was rendered which adjudged Mrs. Menke was entitled to one half in fee, and ordered it set apart to her, but charged her with $2,580.89 for rents received and timber sold, and made it a lien on her half so decreed. From that decree an appeal was taken to this court, and the judgment was reversed and the cause remanded. *Lilly et al. v. Menke et al.*, 126 Mo. 190.

After the cause had returned to the circuit court plaintiffs filed a third amended petition, omitting all allegations of waste, all reference to the final settlement of the administrator *pendente lite*, and all mention of the renunciation and election of Mrs. Tobbein. Thereupon the defendants repeated in their answer the allegations as to the renunciation and election of Mrs. Tobbein omitted by plaintiffs, averred her death, the probate of her will and their right to one half of the estate by virtue of said election and renunciation by Mrs. Tobbein and by her will, and also their right to one fourth under the will of Ilett Tobbein. Thereupon for the first time in the history of the litigation, plaintiffs by their reply denied that Mrs. Tobbein had made such election and renunciation, and denied that she became seized in fee of one half of said estate as plaintiffs had previously alleged. The circuit court reheard the cause and granted a decree of partition in accordance with the opinion of this Court *in Banc*, and plaintiffs appeal.

I. On the former appeal this court treated the averment of the plaintiffs in this case as conclusive that the widow of Ilett Tobbein had duly and legally

renounced the provisions of his will made in her behalf and had become seized in her lifetime of an undivided one half of the lands of said estate in fee simple. Upon that averment, solemnly made, the circuit court had predicated its judgment and decreed one half of the estate to the devisees of Catherine Tobbein. *Lilly v. Menke*, 126 Mo. 190. Not only that, but we find that in all the previous litigation in the probate and circuit courts it was admitted that her election and renunciation were sufficient, and vested one half of said estate in her. *Catholic Church v. Tobbein*, 82 Mo. 418; *Lilly v. Tobbein*, 103 Mo. 477. Plaintiffs now, after all these years, seek to deny those allegations which they had so often and so explicitly made throughout this long drawn out litigation, upon which all the courts and all the parties have acted and the courts based their judgments.

Preliminary then to any discussion of the evidence tending to prove or disprove the sufficiency of such election and renunciation, it is a matter of grave interest to determine how far the privilege of amendment is to be extended. The defendants earnestly and rightly insist that plaintiffs, having elected during all these years to assert that said election was in all respects valid and sufficient with full knowledge of all the facts, can not now be allowed to amend and deny, not only a solemn admission of record, but their own affirmative statement of its sufficiency without the slightest claim of mistake or inadvertence as to the facts. By its finding and judgment the trial court evidently was of opinion that it was too late for the plaintiffs to deny the truth of their own solemn averments.

It is intolerable to allow a party to assert a fact and maintain it at every step in a cause until the court draws some unfavorable conclusion from the fact thus

conclusively established and then permit the same party, without any showing of inadvertence or mistake upon his part or any fraud on the part of his adversary contributing thereto, to deny his own assertion. To countenance this practice would be to encourage deceit and negligence. No court in the land has set its face more sternly against such practice than this court. In *Bensieck v. Cook*, 110 Mo. 173, it was said with unanimous approval that "courts of justice can not be trifled with in this way. Parties litigant are not allowed to assume inconsistent positions in court; to play fast and loose; to blow hot and cold. Having elected to adopt a certain course of action, they will be confined to that course which they adopt." Bigelow on Estoppel [5 Ed.], 673, 717; *McClanahan v. West*, 100 Mo. 309; *Brown v. Bowen*, 90 Mo. 184; *Smiley v. Cockrell*, 92 Mo. 105; *Knoop v. Kelsey*, 102 Mo. 291; *Tower v. Moore*, 52 Mo. 118; *Chouteau v. Gibson*, 76 Mo. 38; *McGuire v. Nugent*, 103 Mo. 161. The rule requiring consistency of action is not an arbitrary one, but is grounded upon the nature of courts of justice. "If," says Bigelow in his work on Estoppel, p. 717, "parties in court were permitted to assume inconsistent positions in the trial of their causes, the usefulness of courts of justice would in most cases be paralyzed." Certainly there can never be an end of litigation, if every time a suitor is cast upon the grounds assumed by himself, he may avoid all the consequences thereof by flatly contradicting, without so much as an excuse for his conduct, all that he had alleged. In Herman on Estoppel, section 165, it is said: "A party who obtains or defeats a judgment by pleading or representing a thing or judgment in one aspect, is estopped from giving it another in a suit founded upon the same subject-matter." In *Hill's Adm'r v. Huckabee's Adm'r*, 70 Ala. 183, the authorities are collected which fully sustain Herman's

statement of the principle. In *Railroad v. Howard*, 13 How. (U. S.) 337, MR. JUSTICE CURTIS said: "It does not carry the estoppel beyond what is strictly equitable, to hold that the representation which defeated one action on a point of form, should sustain another on a like point." *Caldwell v. Smith*, 77 Ala. 157. In no case reported can there be found a more glaring inconsistency than is presented by the cause of plaintiffs in this case. No rule in appellate practice is more generally observed than that which declines to permit a question decided on one appeal to be reargued on a second appeal of the same cause. While there are exceptions to the rule they simply confirm its salutary character. In this case every fact now before the court was before us on the former appeal and we are invited now to overrule that decision by simply permitting the plaintiffs to deny the facts pleaded by themselves upon which that opinion is based, and this we decline to do. Plaintiffs made their election with full knowledge of all the facts, and the courts and parties acted upon it and they must abide by it, and for the purpose of this discussion said election was duly and legally made as asserted by plaintiffs on the former appeal.

II. Having determined that plaintiffs are estopped to deny Mrs. Tobbein's election and renunciation, it follows that she became thereby seized in fee simple of one half of the real and personal estate of which Ilett Tobbein died seized and possessed, and her heirs and devisees derive their title to that portion of the lands to be partitioned through her will, and not through Ilett Tobbein. When Mrs. Tobbein made her election one half of her husband's estate became hers absolutely, unaffected by his will. Her right of election was paramount to his right of disposition by will. The two statutes, the one of dower and the other of wills, being in *pari materia* must be construed together and

his right to devise his property be held to be restricted
by the extent of her dower right and his will only oper-
ative upon that portion which he could devise, to-wit,
that one half of his estate remaining after her election
was duly made and filed, claiming one half, subject to
his debts.    What effect then did her election have upon
the legacies and devises to his other devisees and lega-
tees?    When this cause was here before we held that
the undivided one half remaining after election consti-
tuted, in the contemplation of the law, all of his estate
subject to his disposition by will and of this remaining
portion the Catholic Church of Lexington was entitled
to one half and "the heirs and legal representatives of
Catherine Tobbein," one half, or in other words one
fourth each of the whole estate of which Ilett Tobbein
died seized and possessed, and the devisees of Mrs.
Tobbein to one half of the whole.    Plaintiffs renew
their contention that Mrs. Tobbein's heirs and legal
representatives take nothing by the will of Ilett Tobbein
because they say her election absorbs, so to speak, the
share which Ilett Tobbein intended for them and
destroyed the particular estate upon which their re-
mainder was based, and that at all events the Catholic
Church must receive its full half whether they get any
any portion or not.    Having decided this point
adversely to this contention in this same suit, between
these same parties, according to the practice in this
court, we might well decline to discuss it further, and
we shall content ourselves with reiterating the proposi-
tions decided on the former appeal.

   When Ilett Tobbein executed his last will the law
presumes that he was advised that he had no power to
destroy his wife's dower rights without her consent, and
we must hold that it was his intention to devise only
that portion of his estate which was subject to his law-
ful disposition by will, that is to say, all of his estate

subject to her dower rights.   Her election left only
half of the property of which he died siezed, but *that
remaining half was the whole* of the estate subject to
his will.   By his will he gave her a life estate in the
whole and at her death to be divided into two equal
shares, and gave the Catholic Church one half, and
"Mrs. Tobbein's heirs and representatives," the other
half.   The claim of plaintiffs that Mrs. Tobbein's
election ought not to affect the half devised to the
church is equally available to the other devisees.   With
equal justice they may insist that the act of Mrs.
Tobbein should not deprive them of the portion de-
vised to them by Ilett Tobbein.   Most assuredly they
can insist that Mrs. Tobbein's election should not
carve her half entirely out of the share devised to
them by the testator.

Plaintiffs urge with great earnestness that the
intention of Ilett Tobbein was to give the church one
half subject to a life estate in his wife.   So it was and
his intention was equally clear to give the other half to
her heirs and legal representatives upon the termina-
tion of her life or interest therein.   The intention as
to the one is no more definite than to the other and we
can discover no evidence of a design to prefer one set
of devisees over the other.   Each was to receive one
half subject to her life estate.   But she had the legal
right to reject this mere life estate and take a fee
simple in half of his estate.   While her election frus-
trates his purpose to the extent of the portion she
elected to take in fee it did not destroy the whole
scheme of his will, but it is the duty of the courts to
effectuate his intention as far as possible consistent
with legal principles.   As neither of the devisees were
responsible for her choice, so neither is to be charged
with her action, which neither the testator nor they
could prevent, but her election did not deprive the

legatees of all the testator was authorized to devise. *Lilly v. Menke*, 126 Mo. 190; 1 Redfield on Wills [3 Ed.], 429, notes 21 and 23; *Logan v. Logan*, 11 Col. 44; 17 Pac. Rep. 99; *Marvin v. Ledwith*, 111 Ill. 144; *Allen v. Hannum*, 15 Kan. 625; *In re Rawling's Estate*, 47 N. W. Rep. 992; *In re Cunningham's Estate*, 20 Atl. Rep. 714.

We find no reason for changing the views expressed when this cause was here before. The circuit court rendered its judgment in accordance with the opinion then expressed and its judgment is affirmed. SHER-WOOD, BURGESS, ROBINSON and BRACE, JJ., concur. WILLIAMS, J., not having heard this cause, takes no part in the decision.