HENRY BUSHNELL, Appellant, v. FARMERS' MU-
TUAL INSURANCE COMPANY, Respondent.

### Kansas City Court of Appeals, January 20, 1902.

1. **Mutual Insurance: POLICY: PLEADING: EVIDENCE.** The
pleadings in an action on a policy of insurance issued by a farmers'
insurance company are reviewed and the answer is held to admit the
existence of the contract between the parties and that the defendant
was estopped to deny the existence of the contract in an objection
to the admission in evidence of the policy and the application there-
for.

2. ———: ———: **CONTRACT.** A policy of insurance issued by a
mutual company, taking it front and back as one instrument, is
held to disclose an intelligible contract.

3. ———: ———: **INDORSEMENT: CLERICAL MISTAKE.** An in-
dorsement on a policy of insurance stating in figures an amount
different from that written in the face of the policy may be regarded
as a mere misprision.

Appeal from Livingston Circuit Court.—*Hon. E. J. Broad-
dus,* Judge.

REVERSED AND REMANDED *(with directions).*

*J. M. Davis & Sons, B. B. Gill* and *Sheetz & Sons* for
appellant.

(1) The application, policy, constitution and by-laws
thereto attached, make the contract between the parties. By-
Laws, sec. 10; Joyce on Insurance sec. 146, P. 204; Schwartz
v. Ins. Co., 18 Minn. 448; Baldwin v. Ins. Co., 56 Mo. 151;
State v. Farmers Ass'n, 18 Neb. 276. (2) The acceptance
and approval of the application by the secretary of defendant
made a contract of insurance. By-Laws, sec. 10; Joyce on

Insurance, sec. 45, p. 104; 16 Am. and Eng. Ency. of Law (2 Ed.), p. 850; Lingenfelter v. Ins. Co., 19 Mo. App. 252; Brownfield v. Ins. Co., 35 Mo. App. 54; Supreme Council v. Forsinger, 21 Am. St. Rep. 196. (3) Defendant is estopped to deny contract of insurance. Joyce on Ins., sec. 90, p. 155, and cases cited. (4) Under the pleadings, the evidence offered by plaintiff was competent. 16 Am. and Eng. Ency. of Law (2 Ed.), p. 850.

*C. A. Loomis* and *Lewis A. Chapman* for respondent.

(1) The so-called policy or certificate absolutely has not a single requirement of a policy or certificate. It does not agree to insure the appellant. He is not mentioned by name. In one place $600 is mentioned; in another place $450 is stated, and in reading the so-called certificate one would be puzzled to know whether the sum insured or intended to be insured was one sum or the other. (2) The application offered in evidence was no part of the so-called policy, for the reason that said application is not mentioned in it. The constitution and by-laws are specifically mentioned as a part of it but nowhere is the application offered in evidence, even referred to, and we contend that it was not error for the court to reject the same. 1 Joyce on Insurance, p. 251, secs. 186 and 187; Hartford, etc., Ins. Co. v. Harmer, 2 Ohio St. 452; s. c., 59 Am. Dec. 681. (3) 1 Joyce, section 181, page 246, in speaking of the requisites of valid policy says: "It should contain, either by itself or by reference to other papers, the exact agreement between the parties set forth in clear, precise and unambiguous terms. Higginsin v. Dall, 13 Mass. 96. Ins. Co. v. Lyman, 15 Wall. (U. S.) 664." (4) The court committed no error in excluding the mere indorsement on the back of the so-called policy. This was no part of the agreement, whatever it might be called. It bound no one. Indorsement on the back of a policy is no part of

the same unless referred to in the policy. 1 Joyce on Insurance, sec. 195, pp. 270, 271; Ferrer v. Ins. Co., 47 Cal. 416.

ELLISON, J.—This is an action on a policy of fire insurance issued by a farmers' mutual company in which it is sought to recover on said policy the sum of four hundred and fifty dollars. The court rejected plaintiff's offer of the policy in evidence as well as the application therefor, and plaintiff took a nonsuit which the court refused to set aside.

The question is, whether the court's ruling was right or wrong. The ruling was made on the ground that no contract was stated in the policy. The following is a copy of the policy:

*"Farmers' Mutual Insurance Company*

BY THIS

CERTIFICATE OF INSURANCE.

"In consideration of two and 65-100 dollars, and an agreement of the insured to pay his ratio of all losses by fire, lightning, tornado, cyclone or windstorms, to the amount of six hundred dollars, on dwelling No. 1, frame, $450.

"Being situated as follows: N. E. N. E. section 18, township 56, range 24, Blue Mound township, Livingston county, Missouri.

"This company shall not be liable for any loss or damage except on the terms as described in their constitution and by-laws annexed, which are made a part of this policy, and so accepted by the insured.

"In witness whereof, the Farmers' Mutual Insurance Company have caused these presents to be signed by the president and attested by their secretary in Livingston county, Missouri, this twelfth day of June A. D., 1894.

          "Wm. R. Jones, President.

."Hugh Tudor, Secretary.

On the back thereof is the following:

"No. 810.

"FARMERS' MUTUAL INSURANCE COMPANY.

"(Organized Nov. 29, 1890, and chartered by the State, July 1, 1891.)

"Name, H. Bushnell.

"Postoffice, Dawn, County of Livingston, State of Missouri.

"Amount insured, $600.

"Policy Fee, $1.75.

"Total amount paid, $2.65.

"Term, five years.

"Approved June 12, 1894.

"Expires June 12, 1899, at 12 o'clock, m.

"Approved by Wm. R. Jones, President; Hugh Tudor, Secretary"

The petition charges that the defendant's company made its policy of insurance No. 810, on June 12, 1894, whereby, in consideration of $2.65 and an agreement on the part of plaintiff to pay his ratio of losses, it insured plaintiff on his frame dwelling house against loss by fire, lightning, tornado, cyclone and windstorm for a period of five years, in the sum of $450. The answer of the defendant is as follows:

"Comes now the defendant herein and for its answer to plaintiff's petition denies each and every allegation therein contained not hereinafter expressly admitted.

"Defendant admits that it was and is duly and legally incorporated as a mutual insurance company, under the laws of the State of Missouri.

"Defendant admits that on or about the twelfth day of June, 1894, it issued its policy of insurance to plaintiff, No. 810, which policy of insurance is attached to plaintiff's petition and marked 'Exhibit A.'

"Defendant for other and further answer herein alleges that on the twelfth day of June, 1894, plaintiff herein duly executed, signed and presented to defendant, his application in writing, for insurance on the property described in plaintiff's petition, which said application is a part of the policy, and is annexed to the petition of the plaintiff herein. That for the purpose of inducing defendant to issue its said policy and permit plaintiff to become a member of said company defendant, plaintiff knowingly, willfully, fraudulently, and falsely stated and represented to defendant in said written application," that this property insured was not incumbered when in fact it was at that time incumbered in various sums which were set out in the answer. It was then alleged that plaintiff knew at the time of these representations in the application that they were not true and "that the total amount paid by plaintiff as premium on said policy was four and sixty-four hundredths dollars and the same was received without any knowledge of the falsity of the statement and representation made by plaintiff in his application." That defendant did not know of plaintiff's false statement until after the loss when it tendered back the premium paid as aforesaid. "That said application was and is a part of the policy and contract alleged and sued upon by plaintiff and the statements contained therein including the statement as to incumbrances were warranties. Wherefore, defendant asks that said policy be cancelled and set aside and for naught held, and that defendant go hence with its costs."

The answer then proceeds to set up several by-laws relating to incumbrances and alleged that "under and by virtue of said by-laws and the terms and conditions of said policy aforesaid, said policy became and is nugatory and void, and defendant asks to be discharged with its costs." The answer then proceeds to set up as further defense that the property was burned through the carelessness of plaintiff's tenant.

The reply set up that defendant at the time of the appli-

cation knew of the incumbrance and that with such knowledge it made various assessments against plaintiff and collected premiums of him.

We regard the foregoing answer as clearly admitting the policy and that it was a contract of insurance. The whole answer discloses that there was a contract and sets up matter whereby it became voidable. That is to say, the answer itself states a contract which, by reason of plaintiff's false representations, defendant has the option to avoid and that it elects to exercise the option. The defendant is therefore bound thereby, as nothing is more elementary than that a party is bound by an admission in his pleadings. Kuhn v. Weil, 73 Mo. 215; Lilly v. Menke, 143 Mo. 147; Oglesby v. Railroad, 150 Mo. 137, and cases cited at page 177.

It will not do to say, as suggested by defendant, that at the trial, plaintiff did not regard the contract of insurance as admitted. While it may or may not have been necessary for him to offer it in evidence, yet that act alone, without more, ought not to commit him. But certain it is that the defendant adopted a line of defense which was not only contrary to its admission, but its whole theory as disclosed in its answer.

The fact is that the policy is very imperfect and informal, yet we are not willing, taking it front and back as one instrument, to say that it does not disclose an intelligible contract. The policy states as a consideration the sum of $2.65 and plaintiff's ratio of losses to the others up to $600. It states the insurance to be on No. 1 frame dwelling in the amount of $450, the amount sued for. It locates the dwelling and then embodies the constitution and by-laws as a part of this policy, thus making them binding on the plaintiff. The chief difficulty with it is that it does not name, in the face thereof, a contractee, nor the term of insurance. But these are indorsed on the back with the dates of approval and expiration of policy and the premium thereon, and these indorsements

are *duly signed by the president and secretary of the company.* They are, therefore, a constituent part of the contract.

The statement in such indorsement that the sum insured was $600, taken in connection with the face of the policy, was evidently a misprision and should not be regarded.

The judgment will be reversed and the cause remanded with directions to try the case on its merits, the contract of insurance standing admitted in the sum of $450. *Smith, P., J.,* concurs; *Broaddus, J.,* not sitting.