JULIA E. KINNE v. JOHN W. PHARES.

No. 15,807.   (100 Pac. 287.)

SYLLABUS BY THE COURT.

WILLS—*Void Devise—Descents and Distributions.*   An interest in real estate, attempted to be conveyed by a void devise in a will, descends to the person or persons who would have been entitled to such interest had no will been made.

Error from Trego district court; JACOB C. RUPPENTHAL, judge.   Opinion filed January 12, 1909.   Affirmed.

STATEMENT.

THE owner of a section of land in Trego county, Kansas, died in Los Angeles, Cal., in 1897, having theretofore made a will by which he attempted to give all of his personal property to his widow, as well as a life-estate in his real property, the remainder to go, one-half to his heirs and one-half to three different charities in Evanston (there being no description as to what Evanston was intended).   The will was duly probated in California, and a copy recorded and probated in Trego county, Kansas.

The deceased had no surviving parent, and no children.   His heirs consisted of brothers, sisters, nephews and nieces.   The plaintiff in error is entitled to one-fifth of whatever interest passed by devise to his heirs.

The widow ignored the will and undertook to deed the entire section of land to the defendant in error, Phares.   The plaintiff in error brought this action in ejectment to recover an undivided one-tenth interest in the land from Phares.

The case was tried to the court without a jury.   The court held, in substance, that the widow, in neglecting to take under the will, elected to take under the law without affirmative action; that the bequest to the charities in Evanston was void for indefiniteness; that

the will conveyed a one-fourth interest in the land to the heirs, or one-twentieth to the plaintiff in error, and that the widow took the remaining three-fourths under the law; in short, the bequest to the charities failing, that the portion attempted to be devised remained a part of the estate undisposed of and fell to the widow.

The plaintiff in error contends that the testator had a right to, and did, legally devise to his heirs a one-half interest in the land, and that she is entitled to one-fifth of the one-half interest.

This is the only question in the case—whether the plaintiff in error is entitled to a one-tenth or a one-twentieth interest in the land.

*Herman Long*, for plaintiff in error.
*W. E. Saum*, for defendant in error.

The opinion of the court was delivered by

SMITH, J.: Had the deceased husband made no will whatever the entire section of land in question would have fallen to his widow. (Gen. Stat. 1901, § 2521.) Now, let us suppose that, subject to the rights of the widow, the will had been valid as to the charities of Evanston, but that instead of willing an undivided one-half of the estate to the charities of Evanston and an undivided one-half to his heirs the testator had willed the north half of the section to the charities and the south half to his heirs, and that the widow then elected to take, not under the will, but under the law: would not the widow have taken an undivided one-half interest in the south half of the section as well as in the north half thereof, and thus leave to the heirs only one-quarter section of the land? We think the statute cited answers the question, and that the interest of the heirs is not changed because the testator devised to them an undivided one-half of the entire section instead of dividing the section into halves. The void bequest can not inure to the benefit of the "heirs" in the

sense that word is used in the will and in this case, the widow being distinguished from the heirs.

One-half of the portion of the estate devised to the heirs fell to the widow upon her renunciation of, or failure to elect to take under, the will. And, the will being void as to the portion of the estate attempted to be devised to the charities, that portion was unaffected by the will, and fell to the widow as though no will had been made. The widow in this case stands in the stead of a residuary legatee, or in the stead of a sole heir where there is no residuary legatee. (See 18 A. & E. Encycl. of L. 760, 761; *Schmucker's Estate v. Reel*, 61 Mo. 592; *Davis v. Davis, Executor, etc., et al.*, 62 Ohio St. 411, 57 N. E. 317, 78 Am. St. Rep. 725; *Yates v. Yates*, 9 Barb. [N. Y.] 324; *Lilly v. Menke*, 143 Mo. 137, 44 S. W. 730.)

As the widow, by not electing to take under the will, renounced all the benefits of its provisions, the heirs, of course, took a one-fourth interest in the land, unencumbered by the life-estate therein.

The judgment of the court is affirmed.